BURROW *v*. HOT SPRINGS.

Opinion delivered February 3, 1908.

1. MUNICIPAL ORDINANCE—VALIDITY—CONSISTENCY WITH STATUTE.—Under Kirby's Digest, § 5463, authorizing municipal councils "to prohibit and punish any act, matter or thing which the laws of the State make a misdemeanor," a city ordinance providing that any physician or surgeon "who, for the purpose of procuring patients, shall employ any solicitor, capper or drummer, or shall subsidize or employ any hotel or boarding house, shall be deemed guilty of a misdemeanor," etc., is not inconsistent with Kirby's Digest, § § 5246-50. (Page 403.)

2. SAME—REGULATION OF DRUMMING FOR DOCTORS.—So much of Kirby's Digest, § 5438, as relates to the regulation of "drumming for doctors" must be construed to refer to its regulation in some other way than is prohibited by Kirby's Digest, § § 5246-50. (Page 403.)

3. MUNICIPAL PROSECUTION—PROCEDURE.—The procedure for the prosecution of misdemeanors or offenses against the ordinances of a city in the police court is similar to the procedure in prosecutions for misdemeanors in a justice's court, no indictment or written pleading being required; nor are the proceedings before a police judge narrowly scrutinized in matters of form. (Page 404.)

4. SAME—SUFFICIENCY OF AFFIDAVIT.—An affidavit which constitutes the basis of a prosecution in the police court for violation of a city ordinance which is couched substantially in the language of the statute and ordinance, and is sufficiently definite to bring the accused before the court to be tried for that offense, is sufficient. (Page 404.)

5. SAME—MATTER OF PROOF NEED NOT BE ALLEGED.—An affidavit filed in a police court as the basis of a prosecution of a physician for employing a solicitor, capper or drummer for the purpose of procuring patients need not set out the names of such solicitor, capper or drummer. (Page 404.)

6. APPEAL—EXCEPTION OMITTED FROM MOTION FOR NEW TRIAL—WAIVER.—Where the motion for new trial assigns that the court erred in not excluding the former testimony of certain absent witnesses because proper foundation therefor was not laid, appellant will not be permitted to urge on appeal that the testimony should have been excluded because it was hearsay and irrelevant. (Page 405.)

7. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS—FOUNDATION.—
   Where sufficient testimony was offered to show that a certain wit-
   ness was beyond the court's jurisdiction, it was not error to per-
   mit his former testimony to be proved, though after the trial it
   was discovered that such witness was not beyond the court's juris-
   diction. (Page 405.)

8. INSTRUCTIONS—REPETITION.—It was not error to refuse a request
   for instructions if the same propositions of law were imbodied in
   other instructions given by the court. (Page 405.)

9. SAME—BIAS OF WITNESS.—Where the evidence justified a finding that
   various persons who were witnesses aided, abetted and assisted the
   accused in the commission of the misdemeanor charged, it was not
   error to charge the jury that all who aid or advise the perpe-
   tration of a crime are guilty, as such instruction was tantamount
   to saying that the jury might consider the interest, bias or preju-
   dice of such witnesses in determining their credibility. (Page 406.)

10. ACCESSORIES—MISDEMEANORS.—In misdemeanors there are no acces-
    sories; all who in any way participate therein being principal of-
    fenders. (Page 406.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge;
affirmed.

### STATEMENT BY THE COURT.

This was a prosecution had in the police court at the city of
Hot Springs, based upon the following ordinance:

"Be it ordained by the City Council of the City of Hot
Springs:

"Section 1. That any physician or surgeon engaged in the
practice of medicine in this city who, for the purpose of pro-
curing patients, shall employ any solicitor, capper or drummer,
or shall subsidize or employ any hotel or boarding house, shall
be deemed guilty of a misdemeanor, and on conviction shall be
punished by a fine of not less than $25 nor more than $200,
and by the revocation of his license to practice medicine or sur-
gery, which revocation shall be adjudged and pronounced by
the police court in which he is tried and convicted at the same
time.

"Sec. 2. That any physician or surgeon whose license to
practice shall, on conviction under the provisions of this ordi-
nance, have his license revoked may appeal from the judgment
of conviction, but shall not, pending appeal, be permitted to

practice medicine or surgery in this city; and if he does practice, or attempt or offer to so practice, pending the appeal, he shall be punished in the same manner and to the same extent as if he had never had any license to practice."

Sections 3 and 4 are not material to the issues in this cause.

The following affidavit was filed before the police judge of the city of Hot Springs on the 27th day of February, 1907, towit:

"City of Hot Springs v. O. S. Burrow, defendant.   Before P. S. Bentz, Police Judge.

"I, Harry E. Kane, do solemnly swear that the defendant did, on the 27th day of January, 1907, in the city of Hot Springs, county of Garland, State of Arkansas, commit the offense of unprofessional conduct by then and there unlawfully employing a solicitor, capper, and drummer for the purpose of procuring patients; the said O. S. Burrow being then and there engaged in the practice of medicine in the said city of Hot Springs, Garland County, Arkansas, and I pray a warrant for said defendant, O. S. Burrow, that he be apprehended and dealt with according to law.

"HARRY E. KANE."

Thereupon the following warrant of arrest was issued:

"State of Arkansas, County of Garland.   Before P. S. Bentz, Police Judge.

"To the Chief of Police of Hot Springs:

"You are hereby commanded to arrest O. S. Burrow and bring him before me to answer the charge made against him of having committed the offense of unprofessional conduct by unlawfully having employed a solicitor, capper or drummer, as charged in the affidavit, on the 27th day of January, 1907.

"Given under my hand as police judge of Hot Springs, Garland County, Arkansas, this 28th day of February, 1907.

"P. S. BENTZ, Police Judge."

Said warrant was duly served upon the defendant, who appeared in police court on March 2, 1907, and the cause was continued for trial until March 4th, and afterwards until March 5, at which time the cause was tried before the said P. S. Bentz, police judge, who found the defendant was guilty.

A fine of $100 was assessed, and his license to practice medicine revoked. From which judgment of conviction the defendant appealed to the circuit court.

Upon the trial in the circuit court, the defendant filed his demurrer in short upon the record in the cause, which demurrer was by the court overruled, and the defendant saved his exception.

Counsel for defendant renewed his demurrer and motion to dismiss the cause upon the ground that there is no specific person mentioned in the affidavit or warrant whom Dr. Burrow is alleged as having employed; and that the information filed is vague and indefinite on that account: which motion and demurrer was by the court overruled. The defendant saved his exception, and the same was noted of record.

Plaintiff, among other requests, asked the court to charge the jury as follows:

"6. It is not necessary for the city to prove the defendant guilty by the testimony of witnesses who heard the defendant employ a solicitor, capper or drummer to solicit patients for him to treat, but such guilt may be established by proof of facts and circumstances from which you may reasonably and satisfactorily imply his guilt, beyond a reasonable doubt.

"8. You are instructed that all persons who stand by, aid or assist or who, not being present aiding, abetting or assisting, have advised and encouraged the perpetration of a crime, are guilty of the commission of a crime as the person so aided, abetted, assisted, advised or encouraged one who commits the same."

The following instructions were given at defendant's request:

"1. The jury are instructed that any person has a perfect right to recommend a physician to another, and such physician has a perfect legal right to be recommended; and, before the jury in this case should find the defendant guilty of violation of the ordinance of the city, they must be satisfied from the evidence beyond a reasonable doubt, that there was a contract, express or implied, entered into between O. S. Burrow and others, whereby said Burrow did employ a solicitor or drummer for the purpose of procuring patients to be treated by him, as a physician or

surgeon, and that said O. S. Burrow was at such time of employing said drummers a regularly licensed physician and surgeon and engaged in the practice of medicine in the city of Hot Springs, and that such contract and employment was made and entered into after said ordinance was published.

"2. The jury are instructed that the defendant is presumed to be innocent, and this presumption accompanies him throughout the trial, and he may stand upon this presumption, and is not required by the law to produce any evidence of his innocence until the prosecution has proved every allegation material to the crime with which he is charged, by such evidence as shall be sufficient to prove his guilt beyond a reasonable doubt.

"4. The jury are instructed that, before they can be warranted in convicting the defendant upon circumstantial evidence, the testimony should be so strong as to convince them of defendant's guilt to such an extent as to exclude every other reasonable hypothesis than that the defendant is guilty.

"7. If the jury believe that the evidence in any essential point in the case admits of any reasonable doubt, a doubt consistent with reason, the defendant is entitled to the benefit of it, and you should acquit him."

The defendant requested the court to give to the jury the following instructions numbered 6 and 11, which request of the defendant was by the court denied:

"6. The defendant in this case is charged with having employed drummers to solicit patients for him; and, unless you find from the evidence beyond a reasonable doubt that he did so, you should acquit him. Any person has a perfect right to recommend visitors to a physician, and the physician has a perfect right to accept such patients and treat them without in any way violating the city ordinance. And if a drummer should drum persons to a doctor, and a doctor should accept the patients and treat them, and he should know that they had been drummed to him, this would not make him guilty unless he had employed the drummer to drum for him. And in this case it is essential to a conviction that the city prove beyond a reasonable doubt that the defendant had employed some one or more of the persons mentioned in evidence to drum for him; and if it has failed in this, you should acquit him.

"11. Although you may believe from the evidence that visitors were recommended or drummed to the defendant by Davis and others, this would not authorize you to convict him unless the evidence shows beyond a reasonable doubt that he had employed some one or more of them to drum for him."

The defendant was tried by a jury, who returned into court a verdict of guilty, fixing a fine of $25. Whereupon the trial court rendered judgment accordingly, and ordered that the license of the defendant to practice medicine and surgery in this State be revoked. From which judgment of the court the appellant has prosecuted this appeal.

*R. G. Davies, C. V. Teague* and *Campbell & Stevenson,* for appellant.

1. The ordinance is void. (a) Under Sec. 5438, Kirby's Dig., the city has no power to pass the ordinance. (b) Its power was not extended in such matters by the Gantt Act and § 5463, Kirby's Dig. 31 Ark. 462; 27 Ark. 467; 34 Ark. 553; Smith, Mod. Law Mun. Corp. § 1326; 50 La. Ann. 1181; 24 So. 187; 42 Tex. Cr. 256; 51 L. R. A. 654; 54 Ark 454; 27 Ark. 467; 71 Ark. 4; 68 Ark. 130.

2. The affidavit and warrant filed in this case were vague and indefinite, and the case should have been dismissed. Art. 11, § 10, Const.; 10 L. R. A. 717.

3. The testimony of the witnesses taken and reduced to writing in the police court was improperly admitted in evidence. The relation of principal and agent had not been shown, and the testimony of witnesses as to what Davis, Beverman, Lemly, and others said or did was incompetent. The statement of Osman Washington is open to the further objection that he was within the jurisdiction of the court, and he should have been produced in person. Art. 11, § 10, Const.

4. It was error to give instruction 6, requested by appellee, It fails to state the law, and contradicts the fourth instruction given at appellant's request. 59 Ark. 98; 55 Ark. 397; 58 Ark. 480. And the addition of the clause "beyond a reasonable doubt" did not cure the defect in instruction 6. 59 Ark. 426.

5. The eighth instruction given for appellee, while correct as an abstract proposition of law, has no place in this case. Appellant alone could be guilty of a violation of the ordinance,

and he could not assist or aid Davis, Lemly, Beverly and Mobbs to do so. The instruction is misleading. 37 Ark. 593; 23 Ark. 289.

6. The court erred in refusing instructions 6 and 11, requested by appellant. 34 Ark. 558.

7. The verdict is clearly contrary to the evidence.

*Wood & Henderson,* for appellee.

1. The city council not only had the authority to pass the ordinance, but it may be said to be its duty, as a component part of the State government, to pass the ordinance in aid of the execution of the laws of the State. The statutes as well as this court's decisions are contrary to appellant's contention. Kirby's Digest, § § 5463, 5246-5250; 77 Ark. 506.

2. No error in refusing to dismiss because the affidavit and warning order were vague and indefinite. Kirby's Digest, § § 2482-3, 2490, 2494, 5629; 45 Ark. 536; 45 Ark. 243; 29 Ark. 299; 47 Ark. 565; 55 Ark. 281.

3. The only objection raised to the introduction of the testimony of the witnesses given in the police court was that no proper foundation had been laid for its introduction, by first proving that the witnesses were out of the jurisdiction of the court or could not be produced. The record shows a sufficient foundation. 58 Ark. 369. Appellant will not be permitted to raise the objection here that it was irrelevant and hearsay, without having done so in his motion for new trial. That objection will be treated as waived. 43 Ark. 391; 73 Ark. 455; *Id.* 530; 75 Ark. 345; *Id.* 534; 70 Ark. 427; 77 Ark. 418; *Id.* 27; *Id.* 64; *Id.* 274; 67 Ark. 531; 75 Ark. 181; 63 Ark. 443; 75 Ark. 111.

4. No error in giving the sixth instruction. The instructions as a whole made it plain to the jury that they were not to convict unless the testimony excluded every reasonable hypothesis but that of appellant's guilt. Read in connection with instructions 2, 4 and 8 given for appellant, the instruction could not have misled the jury.

5. The eighth instruction given for appellee was properly given. In misdemeanors there are no accessories; all parties concerned, if guilty at all, are principals. 10 Ark. 378; 18 Ark. 198; *Id.* 219; 49 Ark. 60; 47 Ark. 188; 45 Ark. 361; 55 Ark.

188. The fact that one may, from some cause, be incapable of committing the offense himself is not material so long as it can be traced to him as the moving cause by instigating others. 19 N. E. 638; 14 Fed. 554; 28 N. W. 896; 45 Ark. 365; 84 N. W. 1027; 46 Fed. 664; 2 Brock. 103 Fed. Cas. No. 15,747.

6. The refusal to give instructions 6 and 11 requested by appellant was proper. The same ground had been covered by instructions 1 and 2 given for him.

7. There is sufficient evidence to sustain the verdict.

WOOD, J. (after stating the facts.) This court, in *Thompson v. Van Lear,* 77 Ark. 506, passed upon what is known as the "Gantt Law", § § 5246-5250, Kirby's Digest, and sustained the act as a proper exercise of the police power of the State in regulating the practice of medicine and surgery. That law makes it a misdemeanor for a physician to procure patients through what is designated "solicitors, cappers, or drummers" employed by him for the purpose, and the penalty prescribed by the act was intended to prohibit the drumming by doctors in the manner set forth in the act. The ordinance under consideration was in conformity with the "Gantt" law, and the city council had authority, under sections 5460 to 5464, Kirby's Digest, to pass it. Under these provisions the city council has power to make and publish such by laws and ordinances, "not inconsistent with the laws of the State", as it deems necessary to provide for the safety, and to preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof. The city council has power, in other words, to pass ordinances, not inconsistent with the laws of the State, for carrying into effect the provisions of the general municipal law. The council is authorized and impowered to "prohibit and punish any act, matter or thing which the laws of this State make a misdemeanor," and to prescribe penalties for all offenses committed in violating the ordinance, not exceeding the penalties prescribed for similar offenses against the State laws. The council is prohibited from prescribing penalties for violating city ordinances that are not prescribed for "similar offenses against the statutes of the State." So much of section 5438 of Kirby's Digest as relates to the regulation of "drumming for doctors" must be construed to refer to its regu-

lation in some other way than that designated under the Gantt law. For drumming in the manner designated by the latter act is absolutely prohibited; and the later statute expressly repeals all laws in conflict with it.

Under the decision of this court in *Thompson* v. *Van Lear, supra,* and the sections of the Digest (5460 to 5464), the ordinance is valid. We need not pass upon the question as to whether or not that portion of the ordinance is valid prescribing as a part of the penalty a denial of the right to practice medicine pending the appeal. If appellant pursued the practice of his profession in the city of Hot Springs or elsewhere in the State, pending his appeal, without violating the provisions of the law with reference to "doctor drumming", and he should be convicted for so doing, then, on appeal from such conviction, the question as to the revocation of his license to practice pending the appeal could be properly raised. At present the appellant stands convicted of drumming for patients by hired agents. That is the only question we need consider. As to that it is quite certain that the statute (Gantt law) and the ordinance in question are prohibitive.

Second. The procedure prescribed for the prosecution of misdemeanors or offenses against the ordinances of a city in the police court is similar to the procedure provided for the prosecution of misdemeanors in justice's courts. No written information is required, no indictment is necessary, in prosecutions for violation of the ordinances of the city. Secs. 2482-83, also 2495, Kirby's Dig. Proceedings before a police judge, like proceedings before a justice of the peace, "are not very narrowly scrutinized in matters of form." *Richardson* v. *State,* 47 Ark. 565. The affidavit has performed its office when the accused is brought before the police judge for trial. A mere defective statement in it does not affect the subsequent proceedings unless it is so uncertain as not to charge an offense. *Kinkead* v. *State,* 45 Ark. 536; *Elmore* v. *State,* 45 Ark. 243; *Watson* v. *State,* 29 Ark. 299; *Railway Company* v. *Lindsay,* 55 Ark. 281. But the appellant, to be sure, was entitled to a proper statement of the charge against him, and the affidavit under consideration was sufficient for that purpose. It was couched substantially in the language of the statute and ordinance, as to the charging part,

and that was sufficiently definite to bring appellant before the police judge to be tried for that offense. The appellant was guilty if he had procured patients by means of hired agents, and as to who these agents were was matter of proof. Section 5629, Kirby's Digest.

Third. Counsel for appellant urge here that the testimony of certain witnesses taken before the police court and reduced to writing was hearsay and irrelevant, and should not have been admitted. But this was not made a ground for the exclusion of such evidence in the motion for new trial. The reason assigned for the exclusion of this evidence in the motion for new trial is: "Because the city failed to show that said witnesses at the time of the trial were beyond the jurisdiction of the court, and because no other legal foundation was laid for the introduc- . tion of said evidence." That is the only reason we can consider here. Not having urged the objection of hearsay and irrelevancy in their motion for new trial, these objections must be considered as having been waived. The trial court must first have an opportunity to pass upon the objections. *Deitz* v. *Lensinger,* 77 Ark. 274; *Miller* v. *Nuckolls,* 77 Ark. 64; *Ince* v. *State,* 77 Ark. 418; *McClintock* v. *Frohlich,* 75 Ark. 111; *Burris* v. *State,* 73 Ark. 453.

Fourth. A proper foundation for the introduction of the evidence of the witness Osman Washington, taken at former trial before the police court, was laid on the trial of this case in the circuit court. That was sufficient. The correctness of the ruling of the trial court can not be tested or affected by the fact, discovered since the trial, that witness Washington was not beyond the jurisdiction of the court. It was so made to appear when the testimony of the witness was offered.

Appellant does not contend in his brief here that it was not made to appear to the trial court that Washington and the other witnesses named were beyond the jurisdiction of the court at the time their testimony was offered. Whether true or not, if the court so found upon a sufficient showing, the testimony of the witnesses alleged to be beyond the jurisdiction of the court was properly admitted.

Fifth. The court did not err in refusing to give appellant's requests for instructions numbered six and eleven. The appel-

lant received the benefit of the propositions of law embodied in these requests in instructions numbered one and two, which the court had already given at his request. The court properly refused requests for redundant instructions.

The court did not err in giving instruction numbered eight at the request of appellee. There was evidence tending to prove, and to warrant the jury in finding, that various parties were aiding, abetting, and assisting appellant in the practice of procuring patients by means of hired agents. These parties were witnesses. It was not improper therefore for the jury to have in mind, in passing upon the credibility of these witnesses, the proposition of law announced in the instruction. But, if the instruction were abstract, it was not prejudicial. In misdemeanors there are no accessories. All who participate in any way in an unlawful act are principal offenders. *Miller* v. *State,* 55 Ark. 188; *Foster* v. *State,* 45 Ark. 361; *Crocker* v. *State,* 49 Ark. 60; *Fortenberry* v. *State,* 47 Ark. 188. The instruction could have had reference only to the persons, witnesses, who were shown by the facts detailed to have aided appellant in the violation of the law, if he did violate same, as the jury found. The instruction therefore was only tantamount to saying to the jury that they might consider the interest, or bias, or prejudice, that any witness might have in the case, in determining the credibility of such witness. We do not think the instruction prejudicial.

The court did not err in giving instruction number six asked by appellee. While this instruction was not in apt language, and could not be approved as a precedent, yet, when taken in connection with instructions numbered two, four and seven, given at the request of appellant, it could not possibly have misled the jury. It was not an instruction on the preponderance of the evidence, as held in *Gill* v. *State,* 59 Ark. 98. The effect of the instruction, in the opinion of two of the judges, when taken in connection with the instructions mentioned, was to tell the jury that, before the guilt of the defendant could be established by circumstantial evidence, the facts and circumstances tending to prove guilt would have to be such as would warrant the jury in inferring, or coming to the conclusion from

these facts and circumstances, that the appellant was guilty beyond a reasonable doubt.

Two of the judges, however, are of the opinion that the instruction is misleading and calculated to confuse the jury, and is therefore prejudicial.

Sixth. We have carefully considered the assignment that the evidence is not sufficient to support the verdict. This, in our opinion, is the most serious question in the case. But we are unable to say, when the evidence is all considered, that there was no evidence to sustain the verdict. We are of the opinion that there was sufficient evidence to go to the jury as to the guilt of the defendant, and that the verdict is conclusive of that question here.

As the judges do not differ upon any other question in the case except as to the correctness of instruction number six, asked by appellee, the judgment must stand affirmed upon an equal division of the judges. And all the judges concur in the affirmance of the judgment for the reason above stated.