## O. W. FLETCHER *v.* CITY OF NEWPORT

CR 76-108                                    541 S.W. 2d 681

### Opinion delivered October 11, 1976
[Rehearing denied November 8, 1976.]

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,* for appellant.

*Harold S. Erwin,* City Attorney, for appellee.

ELSIJANE T. ROY, Justice. On August 27, 1975, appellant O. W. Fletcher was arrested for the offense of driving while under the influence of intoxicants and refusing to take an intoximeter test. During the course of the arrest, Officer Mike Wilson informed appellant of his rights pursuant to Ark. Stat. Ann. § 75-1045 (c)(3) (Supp. 1975), but appellant was not informed that law enforcement officers would assist him in obtaining an additional test if he so desired. Appellant refused the test. He did not contest the trial in Municipal Court but appealed for a trial de novo in Circuit Court.

In the interim between the municipal court and circuit court trials appellant was again convicted in municipal court for driving while under the influence of intoxicants. On trial de novo on the first charge in the circuit court appellant was found guilty and the jury assessed his penalty on the driving while intoxicated charge as 24 hours in jail, a $100.00 fine

and suspension of drivers license for 30 days. Conviction of refusal to take the intoximeter test brought a suspension of driving privileges for 30 days to run concurrently with the other suspension.

Appellant first contends "the court erred in allowing the introduction of the results of the intoximeter test," relying upon the case of *Small* v. *City of Little Rock,* 253 Ark. 7, 484 S.W. 2d 81 (1972). In *Small* the Court excluded the results of the "breatholator test" when the subject was not advised of his rights, but stated that the case would not be dismissed if there were other evidence of intoxication which made, of itself, a fact question. Here appellant insists that because he was not advised the arresting officer would assist him in securing an independent medical opinion the results of the test are inadmissible.

The rights to which one is entitled, when requested to submit to a test for intoxication, are contained in Ark. Stat. Ann. § 75-1045 (c)(3), which reads as follows:

(3) The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete [chemical] test or tests in addition to any administered at the direction of a police officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test or tests [taken] at the direction of a law enforcement officer.

In the instant case appellant never took the test, and, therefore, there were no results to exclude. He refused to submit to the test because, according to his own testimony, he thought he would be declared guilty no matter what the outcome revealed. It naturally follows that appellant, in not having any test results introduced into evidence against him, was not deprived of the right the statute cited is intended to insure. Thus this contention is wholly without foundation.

Appellant's second argument is that the court erred in

permitting the City to inquire regarding a subsequent conviction of driving while intoxicated - second offense.

The date of the offense for which appellant was standing trial was August 27, 1975. The date of the trial de novo before the circuit court was February 17, 1976. Appellant took the stand and offered testimony in his own behalf.

The issue of appellant's credibility arose when on direct examination he testified as follows:

Q. Okay, you have worked out there for twelve years?

A. Yes, sir.

Q. Before this event in August of '75 that we are talking about here when you were stopped by Officer Wilson, had you ever been arrested for anything before?

A. No, sir, not since I have been in Newport *I have never been arrested.*

Q. Have you ever been convicted of anything?

A. *No.*

Q. During the entire twelve years?

A. *That is right.* (Italics supplied.)

On cross-examination, testing the credibility of the witness, it was revealed by appellant's own testimony that he had been convicted of five misdemeanor charges since 1975. These included the driving while intoxicated - second offense on February 6, 1976, which he testified was on appeal, but whether an appeal was pending was disputed by the City. At this point the court overruled the appellant's objection. Since the record reflects that appellant by his own testimony invited the questions concerning his previous arrests we find no reversible error in this attack on his credibility. See *Montaque v. State,* 219 Ark. 385, 242 S.W. 2d 697 (1951).

Affirmed.

We agree. Harris, C.J., and Byrd and Holt, JJ.