Edward WHALEY *v.* STATE of Arkansas

CA CR 84-6                                   669 S.W.2d 502

Court of Appeals of Arkansas
Division II
Opinion delivered May 23, 1984
[Rehearing denied June 20, 1984.]

250

*Boyett, Morgan & Millar, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Appellant appeals from his conviction of manslaughter, for which he was sentenced to four years in the Department of Correction, after a jury found him guilty of unlawfully and recklessly causing the death of Byron Joe Whaley. In support of its position the State introduced evidence that on the evening of May 1, 1982, a vehicle driven by the appellant and being operated in a reckless manner passed several vehicles on the highway at speeds in excess of 90 to 100 miles per hour. The State presented both eye-witness and expert testimony that while the appellant's vehicle was traveling at an extremely high rate of speed he attempted to pass a tractor-trailer, lost control of the vehicle, swerved onto the shoulder of the road, spun around and crashed into the tractor-trailer. Byron J. Whaley, a passenger in the appellant's vehicle, was killed in the crash.

The appellant does not contend that the finding of guilt is not supported by substantial evidence. He argues only that by admitting some of the evidence considered by the jury in arriving at its verdict the court committed prejudicial error. We do not agree.

In support of its charge that the appellant had acted recklessly the State introduced evidence to show that he had been drinking heavily on the afternoon before the accident.

Several witnesses testified to the large amount of alcohol the appellant had consumed. One witness testified that appellant had consumed "a half a case of beer." Officer Gentry who investigated the accident testified that he spoke with the appellant immediately after the accident and advised him of his *Miranda* rights. He stated that he smelled alcohol on his breath and asked him if he had been drinking. He stated that the appellant admitted to having had only two or three beers. Over appellant's objection the officer was permitted to testify that he had asked the appellant to submit to a blood alcohol test but appellant had refused.

Appellant argued in the trial court, as he does here, that as the evidence disclosed that the officer did not advise the appellant that if he objected to the taking of his blood a breath or urine test might be taken at his own expense, all testimony with regard to the test was inadmissible under the provisions of Ark. Stat. Ann. § 75-1045 (Repl. 1979). Ark. Stat. Ann. § 75-1045(a) (Repl. 1979) provides that any person operating a vehicle on the highways of this state shall be deemed to have given consent to the taking of a chemical test of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while driving a motor vehicle under the influence of intoxicating liquor. It further provides that the law enforcement agency by which the arresting officer is employed shall designate which of those tests shall be administered but grants to the arrested person the alternative of having additional tests made as provided in paragraph c(3) of that statute which follows:

> The person tested may have a physician, or a qualified technician, registered nurse or other qualified person of his own choice administer a complete [chemical] test or tests in addition to any administered at the direction of a police officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test or tests [taken] at the

direction of a law enforcement officer.

This argument was rejected by the court in *Fletcher* v. *City of Newport*, 260 Ark. 476, 541 S.W.2d 681 (1976). There the court said:

> In the instant case appellant never took the test, and, therefore, there were no results to exclude. He refused to submit to the test because, according to his own testimony, he thought he would be declared guilty no matter what the outcome revealed. It naturally follows that appellant, in not having any test results introduced into evidence against him, was not deprived of the right the statute cited is intended to insure. Thus this contention is wholly without foundation.

Other arguments appellant makes in his brief were not raised in the trial court. (Counsel for the appellant on this appeal did not represent him in the trial court.) Under our well established rule we will not consider issues raised for the first time on appeal.

The appellant next argues that the trial court erred in permitting a lay witness to express his opinion that the high rate of speed at which appellant's vehicle was traveling could have attributed to the accident. Appellant contends this opinion was not admissible under Unif. R. Evid. 701 and 704.

The witness testified he saw the accident and that the appellant passed him at a high rate of speed approximately 300 yards from where the accident occurred. He estimated that appellant's vehicle was traveling between 90 and 100 miles per hour when he passed him.

This witness was then asked:

Q. In your opinion do you think that the high rate of of speed could have attributed to the accident?

A. Yes, very definitely.

DEFENSE COUNSEL: Your Honor, I move that that

be stricken from the record. His opinion is . . . there is not proper foundation laid to qualify him as an expert witness to give that opinion.

THE COURT: The objection is overruled and exceptions are noted.

Unif. R. Evid. 701 provides that a witness not testifying as an expert may give opinion evidence only if it is rationally based on the perception of the witness and helpful to a clear understanding of his testimony or the determination of a fact in issue. Clearly it is not required in all circumstances that a witness be qualified as an expert in order to state an opinion. Unif. R. Evid. 704 states that opinion testimony which is otherwise admissible is not objectionable because it embraces an ultimate fact issue. The objection made at trial was not that the lay witness's opinion did not meet the criteria of Unif. R. Evid. 701, but only that the witness had not been qualified as an expert. The appellant in his brief argues to us, however, that it was error to permit the witness to testify or to express an opinion on an ultimate issue of fact to be determined by the jury, and relies upon the standards set forth in *Ethridge* v. *State,* 9 Ark. App. 111, 654 S.W.2d 595 (1983). We do not need to determine whether *Ethridge* applies because that was not the basis of the objection made to the trial court. It is well established that a timely objection must be made to preserve an alleged error for review and the only specific objection available on appeal is the specific objection made in the trial court. All other specific objections are waived. *Wilson* v. *State,* 9 Ark. App. 213, 657 S.W.2d 558 (1983).

The appellant finally argues that the court erred in admitting the testimony of a state trooper as to the speed at which the appellant's vehicle was traveling at the time of the accident because he had not been properly qualified as an expert. It is well established that the determination of an expert's qualifications as a witness is within the sound discretion of the trial court and, absent an abuse of this discretion, his decision will not be reversed on appeal. *Harper* v. *State,* 7 Ark. App. 28, 643 S.W.2d 585 (1982); *Smith* v. *State,* 258 Ark. 601, 528 S.W.2d 389 (1975); *Ray* v. *Fletcher,*

244 Ark. 74, 423 S.W.2d 865 (1968). Here the officer testified that he had been a state trooper for fifteen years and had worked many accidents during that period. He stated that he had worked several accidents quite similar to the one involved in this action. He stated that he had received training in investigation of accidents and that the training coupled with his years of experience enabled him to determine how accidents occur and speeds of automobiles from skid marks and other physical evidence. In his testimony he carefully outlined the physical evidence observed at the scene and described the various measurements taken by him in ivestigating the accident. He based his opinion upon the measurement of skid marks, squall marks and other physical evidence and determined the speed of appellant's vehicle to be between 80 and 100 miles per hour. We find no abuse of discretion on the part of the trial court in determining the officer to be sufficiently qualified as an expert witness to give the above opinion evidence.

Affirmed.

COOPER and CLONINGER, JJ., agree.