Charles D. GRAYSON *v.* STATE of Arkansas

CA CR 89-156                                          783 S.W.2d 75

Court of Appeals of Arkansas
Division I
Opinion delivered January 31, 1990

*Michael L. Allison,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with DWI, second offense. He was convicted of that offense after a jury trial on November 3, 1988, and sentenced to seven days in the county jail, one year suspension of driving privileges, fined $500.00, assessed court costs of $275.00, and

ordered to complete an alcohol education program. From that decision, comes this appeal.

The appellant contends that the evidence was insufficient to support his conviction. Additionally, the appellant asserts error based on the evidence that no breathalyzer test was administered, and that the arresting officer offered the appellant a blood alcohol test at the appellant's expense. We affirm.

■ We do not address the appellant's contention that the evidence was insufficient to support his conviction because he waived this point by failing to renew his motion for a directed verdict at the close of the case. *Houston* v. *State*, 299 Ark. 7, 771 S.W.2d 16 (1989); Ark. R. Crim. P. 36.21(b).

Next, the appellant asserts that he was entitled to a blood alcohol test at the State's expense. There is evidence to show that the appellant was arrested for DWI after his vehicle crossed the center line, causing Officer Lannie Wortman of the Morrilton Police Department to swerve his patrol car to avoid a collision. Officer Wortman stopped the appellant's auto and administered field sobriety tests, which the appellant failed. Officer Wortman formed the opinion that the appellant was intoxicated and transported him to the police station. No breathalyzer test was administered to the appellant at the police station because the machine was broken. However, Officer Wortman informed the appellant that he could have a blood alcohol test at his own expense.

■ The appellant contends that he was not afforded the opportunity to have a breathalyzer test, and that he was therefore entitled under Ark. Code Ann. § 5-65-203 (1987) to a blood alcohol test free of charge. We do not agree. Arkansas Code Annotated § 5-65-204(e) (1987) provides that the person tested may have a chemical test administered to him *in addition* to any test administered at the direction of a law enforcement officer. Subsection (e)(2) of the statute provides that the results of a chemical test taken at the direction of a law enforcement officer are inadmissible if the person tested is not advised of his right to, and assisted in obtaining, an additional test. The statutory remedy for a person who is not afforded the opportunity to obtain an additional test is therefore exclusion of any chemical test taken at the direction of law enforcement officers. The appellant in the

case at bar was given no chemical test by law enforcement officers, and no chemical test results were admitted into evidence against him. "It naturally follows that appellant, in not having any test results introduced into evidence against him, was not deprived of the right the statute cited is intended to insure." *Fletcher* v. *City of Newport*, 260 Ark. 476, 541 S.W.2d 681 (1976). More recently, the Arkansas Supreme Court has held that neither due process nor Ark. Code Ann. § 5-65-204(e) (1987) requires that a person be informed of his right to an additional test unless he is given a test at the direction of a law enforcement officer. *Patrick* v. *State*, 295 Ark. 473, 750 S.W.2d 391 (1988). We affirm.

Affirmed.

JENNINGS and ROGERS, JJ., agree.