Scott T. McENTIRE *v.* STATE of Arkansas

CR 91-8                                                808 S.W.2d 762

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Larry J. Steele*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Scott T. McEntire appeals his conviction for DWI I and his sentence to 24 hours imprisonment in the county jail, a $150 fine, and suspension of his driver's license for ninety days. He raises three issues on appeal, but, finding no merit in any of the three, we affirm the conviction.

At 12:12 a.m. on the morning of January 1, 1990, a state police officer observed McEntire driving left of center in a white pickup truck. After the officer stopped the truck, McEntire stepped out. He "was uncoordinated as he could be," according to the officer. The officer took him to the station, where McEntire requested a breathalyzer test. However, he refused to sign a form which contained a question about whether he was willing to take the test. He also either could not or would not blow into the breathalyzer machine for a sufficient period of time so that the jailer could get a reading. The test was administered at least twice to no avail. McEntire testified that he asked for the test to be given a third time, but the jailer administering the test refused. The jailer testified that he gave the test more than two times. McEntire did not ask for an alternative means of testing.

The prosecutor charged McEntire with DWI and refusal to take a breathalyzer test. Before trial the prosecutor nol prossed the breathalyzer charge, leaving only the DWI charge to be tried. On October 2, 1990, a jury convicted McEntire of DWI and sentenced him as previously stated.

■ McEntire first claims that the DWI charge should have been dismissed because he was not provided an opportunity to take the breathalyzer test. Yet McEntire's own testimony belies this claim, because he testified that he was given two opportunities to take the test. He simply did not complete it, and no reading was obtained. For this reason there was no test available to be introduced into evidence.

■ Nor were the officers, under these circumstances, required to assist McEntire further. Had the test been completed, the obligation of the officers would have been different. Then, in order to introduce the test into evidence, the prosecutor would have had to prove that an officer also advised McEntire of his right to have an additional chemical test performed and that the officer also assisted McEntire in obtaining that test. *See* Ark. Code Ann. § 5-65-204(e)(2) (Supp. 1989). But that requirement is not applicable where no breathalyzer test was completed. The trial court correctly refused to dismiss the DWI charge on this basis.

The second issue deals with the trial court's refusal to grant McEntire's motions. Before trial McEntire moved for a copy of the arresting officer's personnel file. The trial court denied the motion. McEntire then moved to suppress the evidence and to dismiss the DWI charge on grounds that Act 44 of 1989 is void for vagueness and is also capricious. Apparently, McEntire's theory was that if Act 44 is void for vagueness, the old statute, which invalidated an arresting officer's actions when the officer failed to meet the standards, is resurrected. Act 44 replaced the old statute. That motion, too, was denied.

■ On appeal McEntire makes the same arguments. We begin by noting that Act 44 addresses the problem of officers who have not met all of the law enforcement standards. It states in part:

(a) Actions taken by law enforcement officers who do not meet all of the standards and qualifications set forth in this subchapter or made by the Arkansas Commission on Law Enforcement Standards and Training shall not be held invalid merely because of the failure to meet the standards and qualifications.

Ark. Code Ann. § 12-9-108 (a) (1990-91 Adv. Code Svc.). It is true that Act 44 does not itemize those standards. Yet it is true as well that the standards are not unconstitutionally vague because they are either set out under Ark. Code Ann. § 12-9-106 (1987) in particular or as part of the Commission rules. Standards that are fixed and definite are, by necessity, not vague.

This was not the fact situation in the case cited by McEntire to support his vagueness theory. *See Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984). In *Long* we said a law is vague when it leaves the police or factfinder free to decide, without a fixed standard, what is prohibited. In the case before us those standards are readily ascertainable. Act 44 clearly states that failure to meet those standards does not invalidate the officer's official actions.

■ The trial court was correct in denying McEntire's motions and in finding that Act 44 is not void for vagueness. It was further correct in denying McEntire access to the arresting officer's personnel file, because that discovery would have served no useful purpose. Where prejudice will result from the state's failure to comply with discovery rules, action by the trial court assuring discovery is appropriate. *See Henry* v. *State*, 29 Ark. App. 5, 775 S.W.2d 911 (1989). Here, no prejudice has been shown. Failure to comply with the law enforcement standards no longer invalidates an arresting officer's actions, as Act 44 makes abundantly clear. We have previously held that Act 44 does not violate the *ex post facto* clause under either the federal or state constitution. *See Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991). We hold today that Act 44 is not unconstitutionally vague or capricious.

■ For his final argument McEntire argues error in the trial court's failure to instruct the jury that public service was an alternative sentence to jail time. Again, McEntire misreads the operable statute which states:

> (a)  Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 may, for a first offense, be imprisoned for no less than twenty-four (24) hours and no more than one (1) year, except that the court may order public service in lieu of jail, and, in such instance, the court shall include the reasons therefor in its

written order or judgment.

Ark. Code Ann. § 5-65-111(a) (1987). By its terms this statute does not confer upon the trial court the authority to instruct the jury on public service as an alternative sentence. It states, rather, that the court may *order* public service in lieu of jail, presumably as part of sentencing following a bench trial or in the nature of post-conviction relief. The trial court did not abuse its discretion in refusing to give this instruction.

Affirmed.