Cite as 2023 Ark. App. 310

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-22-423

|  |  |  |
|---|---|---|
| | | Opinion Delivered May 24, 2023 |
| JORDAN JONES | | |
| | APPELLANT | APPEAL FROM THE PULAKSI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60CR-20-4172] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CATHLEEN COMPTON, JUDGE |
| | | |
| | | REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

Appellant Jordan Jones appeals his conviction from the Pulaski County Circuit Court, arguing that the court erred in failing to obtain a valid jury-trial waiver before proceeding to a bench trial. The State concedes error. We reverse Jones's conviction and remand the case for a new trial.

On November 30, 2020, the State charged appellant Jordan Jones with one count each of aggravated robbery, first-degree battery, theft of property, and the enhancements for being a habitual offender and employing a firearm in commission of the crimes. On April 20, 2021, a two-day jury trial was set for October 26 and 27. At the omnibus hearing held on September 14, the parties discussed submission of jury instructions. On October 25, the circuit court entered a transport order for Jones, with the stated purpose being the "jury trial" set for the next day. The case was called October 26 for a bench trial but was continued

until November 10. A bench trial was then held on November 10, 2021, at which the circuit court found Jones guilty of each count and the firearm enhancements. The circuit court sentenced Jones to fifteen years' incarceration on each count, to run concurrently. Jones now brings this appeal, claiming that the record does not reveal he waived his right to a jury trial.

The constitutional right to a jury trial is "inviolate," and a party may waive the right only in the manner prescribed by law. Ark. Const. art. 2, § 7. Should a criminal defendant desire to waive the right to a jury trial, the waiver must be expressly made in writing or in open court, where the proceedings must be preserved. Ark. R. Crim. P. 31.2; *Calnan v. State*, 310 Ark. 744, 747, 841 S.W.2d 593, 595 (1992). A defendant's right to a jury trial is not one that must be affirmatively invoked by the defendant, and a contemporaneous objection is not required to preserve the denial of the jury-trial right for appellate review. *Calnan*, 310 Ark. at 747–49, 841 S.W.2d at 595–96.

The transcript of Jones's November 10 trial establishes that a circuit court judge, not a jury, sat as the trier of fact. The record on appeal contains no jury-trial-waiver form. Nor does the record on appeal contain any indication that Jones waived his right to be tried on felony charges by a jury. Because Jones did not waive his right to a jury trial, his conviction must be reversed and the case remanded for a new trial.

Reversed and remanded.

HIXSON and BROWN, JJ., agree.

*Mac J. Carder*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.