David M. DACUS *v.* STATE of Arkansas

CA CR 85-99                                    699 S.W.2d 417

Court of Appeals of Arkansas
Division II
Opinion delivered November 27, 1985
[Rehearing denied January 15, 1986.]

*Hubert W. Alexander*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant David M. Dacus was convicted of driving while intoxicated (first offense) in violation of Ark. Stat. Ann. § 75-2503 (Supp. 1985). The trial court fined appellant $150.00 plus costs, sentenced him to twenty-four hours in jail, suspended his driver's license for ninety days, and ordered him to participate in an alcohol abuse program. For his appeal appellant argues that the police stopped him without sufficient reasonable cause and thus the court should have excluded the results of his breathalyzer test. We find the trial court's actions to be proper and affirm.

On May 7, 1984, at about 2:40 a.m., two Jacksonville police officers observed a small car stopped in the middle of a lane on Main Street. The officers testified that they considered this to be a traffic hazard since the car was stopped about 100 feet beyond an "S" curve, and another car coming through the curve might not be able to stop before colliding with the stopped car. One of the officers stated that she saw what appeared to be people running around the car. As the officers approached the car it took off at a high rate of speed, squealing its tires. The officers followed the car for a few blocks and stopped it after it had turned right on Harris Road. When the officers approached appellant, who had been driving the car, they detected a strong odor of alcohol. Officer Harper then read appellant his *Miranda* rights and gave him a field sobriety test. Appellant staggered when asked to walk heel to toe. When asked to stand with his arms at his sides and with his eyes closed, appellant swayed and his eyes fluttered. Appellant was then placed under arrest and was given a breathalyzer test, the results of which were .11%.

Appellant argues that according to the implied consent statute, Ark. Stat. Ann. § 75-1045(a)(1) and (3), (Supp. 1985), a police officer must have reasonable suspicion that a driver is intoxicated at the time he is stopped before he can be required to submit to a breathalyzer test. It is appellant's contention that since the officers admitted that they had no reason to believe that appellant was intoxicated at the time they made the stop, the subsequent breathalyzer test was inadmissible. We disagree.

In a case we recently decided, we analyzed a similar argument under the provisions of A.R.Cr.P. Rule 3.1, *Van Patten* v. *State*, 16 Ark. App. 83, 697 S.W.2d 919 (1985). There we held that if a stop was unreasonable according to Rule 3.1, then the subsequent evidence of DWI, including the breathalyzer test, should be excluded. Rule 3.1 reads in pertinent part:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

Stopping a car outside of a business or residential district, whether attended or unattended, on the paved or main traveled part of the road is a violation of Ark. Stat. Ann. § 75-647 (Repl. 1979). The officers testified that the reason they stopped appellant was that his parked car created a traffic hazard. We think, under the totality of the circumstances, the officers had specific, particular, and articulable reasons to suspect that a misdemeanor involving danger of injury to persons or property was being committed by the appellant. *Leopold* v. *State*, 15 Ark. App. 292, 692 S.W.2d 780 (1985).

Thus, under the totality of the circumstances, we think that the officers' stop of appellant was reasonable under A.R.Cr.P. 3.1, and the evidence of the DWI was properly admitted.

Affirmed.

GLAZE and MAYFIELD, JJ., agree.