James Marcus SMITH *v.* CITY OF LITTLE ROCK

CR 91-53                                    806 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered April 1, 1991
[Rehearing denied April 29, 1991.]

*Sherman and James*, by: *Paul J. James*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, James M. Smith, appeals his convictions for driving while intoxicated and driving left of the center line. He raises two arguments for reversal: 1) the arrest was not valid because the arresting officer did not meet the minimum law enforcement standards and did not have his certificate of appointment with him at the time of arrest; and 2) the arresting officer was without authority to make the arrest.

We find no merit in the appellant's arguments, and we affirm the trial court's decision.

The facts are these. On October 17, 1989, at 1:56 a.m., the appellant was arrested and ticketed by Gregory Birkhead, a campus patrolman employed by the University of Arkansas at Little Rock. The patrolman came in contact with the appellant at the intersection of 26th Street and Fair Park Boulevard within the city limits of Little Rock. Fair Park Boulevard runs adjacent to UALR. The appellant was driving north on Fair Park Boulevard at a slow rate of speed, according to the patrolman, and then stopped in the street without a stop sign. The patrolman further observed him "weave left of the center line a couple of times," while proceeding down the street at a rate of speed of between five and ten miles per hour. The patrolman activated his blue lights, and the appellant turned east on 29th Street. After traveling for one more block, the appellant stopped at 29th Street

and South Tyler, which was off campus and on a street not adjacent to the campus. The patrolman testified that the appellant almost fell when he got out of his car. He also testified that the appellant smelled strongly of alcohol and admitted his guilt. The appellant was later administered a blood-alcohol test and registered .25%.

The patrolman did not radio the city police or the Pulaski County Sheriff's Department for assistance in the arrest. He also did not have his certificate of appointment with him, though it was in his personnel file. Because his FBI fingerprint check had not been completed, he had not satisfied the minimum law enforcement standards when he arrested the appellant.

The patrolman issued a ticket and complaint to the appellant for driving while intoxicated (first offense) and driving left of center. On December 12, 1989, the appellant was convicted of both offenses in Little Rock Municipal Court. Appealing his convictions to Pulaski County Circuit Court, the appellant was found guilty after a bench trial on May 11, 1990, and sentenced to one day in jail and fined $500 plus court costs. The trial court also suspended the appellant's driving privileges for ninety days and ordered him to complete an alcohol education program. From that judgment, this appeal arises.

The appellant first argues that failure to meet the minimum standards rendered the arrest an invalid act under Ark. Code Ann. § 12-9-108(a) (1987). We do not agree.

■ Act 44 of 1989 enacted by the Arkansas General Assembly provides that actions taken by non-qualified officers "shall not be held invalid merely because of the failure to meet the standards and qualifications." We have recently held in a case involving a DWI arrest by an unqualified officer that Act 44 did not violate the *ex post facto* doctrine of either the state or federal constitution. *Ridenhour v. State*, 305 Ark. 90, (1991); *see also Collins v. Youngblood*, ___ U.S. ___, 110 S. Ct. 2715 (1990). Our opinion in *Ridenhour* decides the issue of the arrest's validity in the city's favor, and we affirm the trial court on that point.

■ The appellant asserts, as well, that Act 44 of 1989 is unconstitutional because retroactive application of the legislation violates his due process rights. This argument, however, was not

raised below, and we do not address issues, including constitutional issues, for the first time on appeal. *See Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

■ We also find no merit in the appellant's contention that the patrolman's failure to have his certificate of appointment with him was fatal to the arrest. To be sure, the Code requires that a security officer carry on his person the certificate at all times. Ark. Code Ann. § 25-17-304(e)(1) (1987). Yet at the time of arrest the patrolman's authority as a peace officer was not in question. He activated the blue lights on his patrol car, which resembled a standard police car. He had been issued a badge and nameplate and, presumably, was wearing both when the arrest occurred. He was also carrying an identification card with him. Though he was technically in violation of the statute, the error was harmless because the appellant failed to demonstrate any prejudice to him resulting from the certificate's absence. *See Kittler* v. *State, supra.* We affirm the trial court's holding on this issue.

The final question is whether the patrolman was within his jurisdiction, when he first observed the appellant, and whether that justified the arrest. The relevant statutes limit the patrolman's authority to certain property in and around the campus. "Property" is defined as that "owned by or under the control of the institution and shall include all highways, streets, alleys, and rights-of-way that are *contiguous or adjacent* to the property owned or controlled by the institution." Ark. Code Ann. § 25-17-301(1) (1987). [Emphasis ours.] A campus patrolman is further authorized to maintain order as a peace officer, with accompanying arrest powers, on the grounds and streets "under the control of the institution employing him." Ark. Code Ann. § 25-17-305 (1987).

■ At trial the appellant introduced a map of the UALR campus as an exhibit. The map shows two University buildings adjacent to Fair Park Boulevard: the Children's Center at 26th Street and the University Court Apartments at 32nd Street. Because these buildings form part of the campus in the record before us and because Fair Park Boulevard runs adjacent to the buildings (indeed, the patrolman first observed the appellant at the intersection in front of the Children's Center), we hold that the patrolman was within his jurisdiction at the time he first

observed the appellant.

The arrest, however, was made one block off Fair Park Boulevard on a street not adjacent to the campus. Arkansas statutes, nevertheless, do contemplate arrests made in fresh pursuit for any criminal offense committed in the presence of any peace officer. Ark. Code Ann. § 16-81-301 (1987). The doctrine of fresh pursuit at common law enabled an officer to pursue a felon into another jurisdiction. 5 Am. Jur. 2d, Arrests, § 51, p. 743 (1962). Arkansas law expands the definition to pursuit of a person who has committed "any criminal offense in this state in the presence of the arresting officer. . . ." Ark. Code Ann. § 16-81-303 (1987). This definition is easily broad enough to embrace misdemeanors.

A campus patrolman is a peace officer under Arkansas law. *See* Ark. Code Ann. § 25-17-305(b) (1987). In the case before us the pursuit began within the patrolman's jurisdiction, that is, on a street adjacent to UALR. Traffic offenses had been committed in his presence with the appellant stopping his car on the street and then weaving left of the center line. *See* Ark. Code Ann. §§ 27-51-301, 27-51-302 (1987). But, more importantly, under such circumstances the patrolman could form a reasonable belief that the appellant was intoxicated and legitimately detain him under our rules. *See* A.R.Cr.P. Rule 3.1; *see also Dacus* v. *State*, 16 Ark. App. 222, 699 S.W.2d 417 (1985) (officers had reason to suspect intoxication due to erratic driving.)

With this firsthand information and because he began pursuit within his jurisdiction, the patrolman was well within the bounds of his authority when he pursued the appellant for four blocks and made the arrest. We conclude that his actions constituted fresh pursuit and that the convictions should stand.

The trial court's decision is affirmed.