Jason A. WHITE *v.* STATE of Arkansas

CA CR 92-716                                        850 S.W.2d 34

Court of Appeals of Arkansas
Division II
Opinion delivered March 31, 1993

*Robert S. Blatt* and *Timothy C. Sharum*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with driving while intoxicated. He filed a

motion to suppress all evidence obtained subsequent to his stop and arrest, alleging that the City of Waldron police officers acted outside their territorial jurisdiction, and that they lacked probable cause to stop him because they never observed him commit any traffic violation. After a hearing, the appellant's motion to suppress was denied and he was found guilty of DWI, first offense, upon a stipulation that the court would determine guilt or innocence based upon the testimony presented during the hearing on his motion to suppress. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying his motion to suppress evidence obtained by a police officer acting outside this territorial jurisdiction. We affirm.

The record shows that an Arkansas State Trooper observed the appellant driving erratically on Highway 71 north of Waldron, Arkansas. The trooper was transporting a prisoner and was unable to stop the appellant's vehicle; instead, the trooper used his radio to contact Officer Scott Squires, Waldron police officer, and arranged for Officer Squires to stop the appellant's vehicle. Officer Squires intercepted, stopped, and arrested the appellant approximately one mile north of the city limits of Waldron, Arkansas. It is undisputed that Officer Squires was acting outside of his territorial jurisdiction at the time he arrested the appellant.

A local law enforcement officer acting without a warrant outside his territorial jurisdiction is empowered to make an extraterritorial arrest only if he is authorized to do so by state statute. *Perry* v. *State*, 303 Ark. 100, 794 S.W.2d 141 (1990). The state statute governing authority to arrest is Ark. Code Ann. § 16-81-106 (Supp. 1991), which in pertinent part provides that:

> (c) A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor. A certified law enforcement officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify the law enforcement agency having jurisdiction where the arrest was made. The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate. Statewide arrest powers for certified law enforcement officers will only be in effect

when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request. Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.

Ark. Code Ann. § 16-81-106(c) (Supp. 1991) (as amended by Acts 1989, No. 846, Section 1).

Pursuant to the above-quoted statute, the City Council of the City of Waldron, Arkansas, adopted Resolution Number 141, which provides in pertinent part that:

## Section I

A Police Officer of the city of Waldron, Arkansas is hereby granted arrest authority anywhere in Scott County, Arkansas; when he/she is working at the request of or with permission of the Municipal or County Law Enforcement Agency having jurisdiction in that local area.

## Section II

Police Officers of this City shall obtain permission from the Chief of Police or his designate prior to assisting another Law Enforcement Agency. In the event of an emergency call for assistance from another Law Enforcement Agency, the Chief of Police or his designate may grant permission to officers to respond to the call for assistance.

## Section III

Police Officers are discouraged from making arrests in another jurisdiction unless accompanied by an officer from the agency having jurisdiction. In the event of a serious crime, officers who have received permission from the agency having jurisdiction may take the necessary Law Enforcement action if it can be done safely.

. . . .

The appellant first contends that, because the arrest

was made at the request of an Arkansas State Police Trooper, the arrest was not made pursuant to the request of a municipal or county law enforcement agency having jurisdiction in the local area as required by Ark. Code Ann. § 16-81-106(c), and by City of Waldron Resolution Number 141, Section 1. We do not agree. Although it is true that neither the statute nor the resolution specifies the Arkansas State Police as a law enforcement agency having jurisdiction, we think that such specification was unnecessary in light of the state-wide arrest power granted to the Arkansas State Police pursuant to Ark. Code Ann. § 12-8-106(b) (Supp. 1991), which provides that the Arkansas State Police "shall have the powers possessed by police officers in cities and sheriffs in counties, except that the Arkansas State Police may exercise such powers anywhere in this State." Given this statutory grant of authority equivalent to that possessed by municipal police officers and county sheriffs, we think that a request for assistance by an Arkansas State Police Trooper is sufficient to give rise to extraterritorial arrest authority pursuant to Ark. Code Ann. § 16-81-106(c) (Supp. 1991), and City of Waldron Resolution Number 141, Section 1.

■ The appellant further contends that Officer Squires failed to comply with Section 2 of Resolution Number 141 in that there was no evidence that Officer Squires obtained permission from the Chief of Police or his designate prior to responding to the State Trooper's request for assistance. However, we think that the record shows that this section of the city resolution likewise was complied with. Officer Squires testified at the hearing that, at the time of the arrest, there were six City of Waldron police officers. He further testified that he had been designated acting officer on duty on the night in question by the Chief of Police, and that, following his radio conversations with the State Trooper, he considered that the suspected DWI observed by the State Trooper constituted an emergency situation. We think that this evidence clearly shows that Officer Squires was the designate of the Chief of Police on the night in question, and as such was empowered to grant permission to officers to respond to emergency calls for assistance. Insomuch as Officer Squires could clearly have authorized another officer to make the arrest, we think that Officer Squires' actions in effecting the arrest himself was in compliance with Resolution Number 141.

174

Affirmed.

MAYFIELD and ROGERS, JJ., agree.