Charles R. KING *v.* STATE of Arkansas

CA CR 92-952                                          854 S.W.2d 362

Court of Appeals of Arkansas
Division I
Opinion delivered June 2, 1993

98

*John C. Aldworth*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a judgment of conviction, entered upon a conditional plea of nolo contendere, for driving while intoxicated, first offense. Appellant argues that the trial court erred in denying his motion to suppress.

At the suppression hearing held May 16, 1991, Officer Jim Ragland, who is employed by the City of Marshall, testified that he and Deputy Sheriff George Sutterfield were together in Ragland's patrol car on Highway 27 North, inside the Marshall city limits, when he looked into his rear view mirror and saw a car go off the edge of the highway onto the shoulder and then come back onto the road. Ragland said he pulled off the road, let the car pass, and followed it to "junction 65" and then "south on 65 up Backbone Mountain." Officer Ragland turned his lights on and stopped the vehicle on top of Backbone Mountain which is outside the city limits. Officer Ragland testified that he intended to stop the vehicle before it left the city limits, but decided to follow it for a while because he had a DWI case dismissed in court for failing to follow a vehicle for a reasonable amount of time and did not want to take any chances on having another case dismissed for the same reason.

Officer Ragland testified that the appellant's pants were unzipped, and he could smell some kind of intoxicating beverage on appellant; that he called State Trooper Don Brown for assistance; and that Officer Brown administered field sobriety tests. As a result of failing "enough of the tests" appellant was arrested and taken to Van Buren County for a breathalyzer test.

Officer Ragland testified that he heard the breathalyzer operator inform appellant of his right to have another test. Ragland also testified that, although the appellant was very talkative both "coming and going", the officer did not recall appellant saying anything about a blood test or any other type of chemical test.

Appellant testified that he requested a blood test twice; once before the breath test was administered, and later on the way back to Marshall. He said the officer that administered the breathalyzer test told Office Ragland, "Well, this might be a long night if he wants a blood test."

On this evidence, the trial judge ruled that Officer Ragland had probable cause to stop appellant based upon the "initial swerve on Highway 27" which occurred inside the city limits of Marshall and that the officer was in "fresh pursuit."

At a pre-trial hearing held April 7, 1992, appellant entered a conditional plea of nolo contendere and reserved the evidentiary issue for appeal.

Arkansas Rule of Criminal Procedure 24.3 provides:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Appellant first argues that because Officer Ragland arrested appellant outside the officer's territorial jurisdiction without authority to do so, any evidence resulting from the arrest should be suppressed. Appellant also contends Officer Ragland did not form reasonable cause to stop and arrest appellant until he had followed appellant outside the city limits. The case of *Perry* v. *State*, 303 Ark. 100, 794 S.W.2d 141 (1990), is cited. That case holds that a local police officer, acting without a warrant outside the territorial limits of the jurisdiction under which he holds office, is without official power to apprehend an offender unless he is authorized to do so by statute, and evidence obtained as a result of an unlawful detention or illegal arrest is subject to the

exclusionary rule and should be suppressed.

Arkansas Rule of Criminal Procedure 3.1 provides that a law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he "reasonably suspects" is committing a felony or misdemeanor involving danger of forcible injury to persons or damage to property, if such action is reasonably necessary to obtain or verify the identification of the person or to determine the lawfulness of his conduct. The Arkansas Supreme Court held in *Smith* v. *State*, 301 Ark. 569, 785 S.W.2d 465 (1990), that the officer in that case was entitled to stop Smith under the authority of Ark. R. Crim. P. 3.1 because "Smith's actions were sufficient to give the arresting officer a reasonable suspicion that a misdemeanor involving risk of forcible injury to persons or damage to property had been, or was about to be, committed." After the stop, Smith was arrested for driving while intoxicated and his conviction was affirmed. In holding that the officer had "reasonable suspicion" to stop Smith because he was driving in the center lane of I-430 "quite slow" with his bright lights on, the court said that under certain circumstances a police officer may rely on his experience and make "inferences and deductions that might well elude an untrained person," and police officers are trained through experience to observe the actions of individuals in order to ascertain suspicious activities and protect the public from unlawful activities.

In *Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991), the appellant was arrested by a campus patrolman employed by the University of Arkansas at Little Rock. The campus officer's jurisdiction was limited to property owned by, or under the control of, the institution and included streets "contiguous to or adjacent to" the campus. The patrolman first observed the appellant driving at a slow rate of speed on Fair Park Boulevard, a street adjacent to the campus, and saw appellant "weave left of the center line a couple of times." The arrest, however, was made one block off Fair Park Boulevard, on a street not adjacent to the campus. Our supreme court held:

> Arkansas statutes, nevertheless, do contemplate arrests made in fresh pursuit for any criminal offense committed in the presence of any peace officer. The doctrine of fresh

pursuit at common law enabled an officer to pursue a felon into another jurisdiction. Arkansas law expands the definition to pursuit of a person who has committed "any criminal offense in this state in the presence of the arresting officer. . . ." This definition is easily broad enough to embrace misdemeanors.

305 Ark. at 172, 806 S.W.2d at 373 (citations omitted).

In the instant case, Officer Ragland initially noticed appellant's erratic driving while both the officer and the appellant were within the city limits of Marshall. The officer said that he intended to arrest appellant before he left the city limits but waited for an additional period of observation rather than taking a chance of having the case dismissed. In addition to having "reasonable suspicion" to stop appellant under Ark. R. Crim. P. 3.1, the officer had the authority to stop and arrest appellant for the violation of Ark. Code Ann. § 27-51-301 (1987) (vehicle shall be driven on the right half of the roadway). *See Taylor* v. *State*, 254 Ark. 620, 495 S.W.2d 532 (1973) (an officer can legally make an arrest for a misdemeanor committed in his presence). Under the evidence, we cannot say the trial court erred in denying the appellant's motion to suppress on this point. Here, as in *Smith* v. *City of Little Rock, supra*, the officer had the authority to either stop, or to stop and arrest, the appellant before he left the officer's jurisdiction, and we think the officer was within the bounds of his authority when he followed appellant outside his jurisdiction and subsequently made the stop and arrest.

Appellant also argues that the trial judge erred in not suppressing the breathalyzer test results because the state failed to assist him in obtaining an additional test as required by Ark. Code Ann. § 5-65-204(e) (1987). We do not agree. Although appellant testified he asked to be given another test on two different occasions, the trial court does not have to believe the testimony of a criminal defendant, who is probably the person most interested in the outcome of the proceeding. *Zones* v. *State*, 287 Ark. 483, 702 S.W.2d 1 (1985).

We note, however, that the rights form which the appellant signed does not have a place for the person being administered the test to request an additional test, and the trial judge stated he was

not particularly pleased with that situation because it causes "a swearing match." We agree that it would be the better course of action for the city to utilize a rights form which provides for such request to be made in writing.

■ Also, we have not overlooked the State's argument that appellant failed to obtain a ruling as to whether appellant had been afforded the opportunity to have an additional test. However, at the pre-trial hearing held April 7, 1992, the trial judge asked whether a ruling had been made on appellant's motion to suppress, and appellant's attorney stated that such a ruling had been made. The prosecutor stated this was a technical matter; asked whether appellant's counsel could prepare the order; and said he would approve it.

■ In reviewing the trial court's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances and reverse only if the ruling was clearly against the preponderance of the evidence. *Brown* v. *State*, 38 Ark. App. 18, 827 S.W.2d 174 (1992). Under the totality of the circumstances in this case, we cannot say the trial judge erred in denying appellant's motion to suppress.

Affirmed.

JENNINGS, C.J., agree and COOPER, J., concurs.