Phillip THOMAS *v.* STATE of Arkansas

CA CR 98-752                     985 S.W.2d 752

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1999

*L. David Stubbs*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Phillip Thomas appeals his misdemeanor conviction for driving while intoxicated, first offense, contending that his detention by an officer acting outside his territorial jurisdiction is an illegal arrest and that evidence obtained as a result of such detention is subject to the exclusionary rule and should have been suppressed. We agree, and reverse and remand.

## I. Background

On February 15, 1997, Trooper Barry Saffold of the Arkansas State Police was contacted on his radio by Chief McBride, the chief of police for the City of Gould, Arkansas. Chief McBride informed Trooper Saffold that he had received a report of a driver that was possibly intoxicated headed northbound on U.S. Highway 65. The officers surmised that the reported vehicle was somewhere between them. Trooper Saffold proceeded south from Grady while Chief McBride traveled north from Gould. Chief McBride was the first officer to make contact with the red passen-

ger car driven by appellant. He stopped appellant's vehicle outside the city limits of Gould, approximately half-way between Gould and Grady. When Trooper Saffold arrived, Chief McBride had appellant outside his vehicle, and according to the testimony of Trooper Saffold, appellant was not free to leave.

Trooper Saffold stated that he detected the odor of intoxicants and administered numerous sobriety tests, which appellant failed. Appellant was transported to Gould where he registered .14 on a Breathalyzer test. He was subsequently charged with driving while intoxicated.

Trooper Saffold, the only witness the State called to testify, did not see appellant operating the vehicle nor did Chief McBride tell Trooper Saffold that he had seen appellant operating the vehicle. Trooper Saffold did not request assistance but, instead, responded to a call from Chief McBride.

## II. Applicable Law

■ There are four instances where officers may arrest outside their territorial jurisdiction: (1) when the officer is in fresh pursuit; (2) when the officer has a warrant for arrest; (3) when a local law enforcement agency has a written policy regulating officers acting outside its territorial jurisdiction and when said officer is requested to come into the foreign jurisdiction; and (4) when a sheriff in a contiguous county requests an officer to come into his county to investigate and make arrests for violations of drug laws. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997).

■ ■ It has been held that an extraterritorial arrest may be valid when a request for assistance is made by a state trooper. *White v. State*, 41 Ark. App. 170, 850 S.W.2d 34 (1993). Also, if an officer witnesses a driver operating a vehicle outside his jurisdiction in an extremely hazardous manner, and there is in place an appropriate city resolution, an officer may go outside his jurisdiction to effect an arrest and hold the driver for officers having jurisdiction. *Menard v. City of Carlisle*, 309 Ark. 522, 834 S.W.2d 632 (1992). An officer may effect an arrest outside his jurisdiction if the officer witnesses a violation occurring within his jurisdiction

and could have stopped the offender within his own jurisdiction. *King v. State*, 42 Ark. App. 97, 854 S.W.2d 362 (1993). However, if an officer does not have an arrest warrant or statutory authority to make an arrest outside his jurisdiction, his arrest powers are the same as those of a private citizen. A private citizen does not have the authority to make an arrest for driving while intoxicated. *Perry v. State*, 303 Ark. at 100, 794 S.W.2d 141 (1990). An arrest by an officer outside his jurisdiction for a misdemeanor without a warrant or without statutory authority to arrest is an illegal arrest. Further, the Fourth Amendment applies to an unlawful detention, and the evidence obtained is subject to the exclusionary rule. *Perry*, 303 Ark. at 104, 794 S.W.2d at 143.

### III.   Discussion

■ ■   In reviewing the trial court's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances and reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *King v. State*, 42 Ark. App. 97, 854 S.W.2d 362 (1993). The State acknowledges that Chief McBride stopped and detained appellant outside their territorial jurisdiction without a warrant. The stop and detention of appellant by Chief McBride does not fit any of the four situations wherein an officer may arrest outside his territorial jurisdiction. Since appellant was not free to leave, his detention was an arrest and appellee must show statutory authority for the arrest. Appellee failed to do so, and the trial court erred in denying appellant's motion to suppress the evidence that was unlawfully obtained.

Reversed and remanded.

PITTMAN and NEAL, JJ., agree.