Tony WEAVER  *v.*  STATE of Arkansas

CA CR 07-1278                                         287 S.W.3d 649

Court of Appeals of Arkansas
Opinion delivered September 24, 2008

[Rehearing denied October 29, 2008.]

*The Blagg Law Firm*, by: *Ralph J. Blagg*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Deborah Nolan Gore*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. On November 14, 2007, appellant Tony Weaver was convicted in Conway County Circuit Court of driving while intoxicated and driving left of center. On appeal, Weaver argues that the trial court erred in denying his motion to dismiss based on an illegal arrest. Specifically, he contends that he was arrested beyond the lawful jurisdiction of the arresting officer. We affirm.

At the hearing on Weaver's motion to dismiss, Officer Andrew Babcock of the Menifee Police Department testified that at approximately 11:40 p.m. on October 8, 2005, he was sitting in his patrol vehicle, which was parked in a gravel driveway off

Highway 64, one mile outside of the Menifee city limits. He was completing some paperwork related to a traffic citation, when he observed Weaver (driving within the city limits of Menifee on Highway 64) cross the center line and force another vehicle into the shoulder of the highway. As Weaver's vehicle continued on Highway 64, Officer Babcock witnessed it swerve several times and travel down into-and-out-of an embankment. Once Weaver passed Officer Babcock, the officer pursued Weaver, stopping (and ultimately arresting) him outside of the Menifee city limits.

Weaver testified that on October 8, 2005, after attending a bachelor party, he was driving home on Highway 64. He admitted driving through Menifee and passing Officer Babcock's patrol vehicle. Weaver also admitted drinking five beers and one shot of whiskey that evening. It was Weaver's testimony that Officer Babcock could not have observed the alleged violations occur within the Menifee city limits, because the gravel driveway where the officer was parked was at a lower grade than the highway upon which Weaver traveled.

The trial court denied Weaver's motion to dismiss, finding that the officer had jurisdiction to arrest Weaver based on *King v. State*, 42 Ark. App. 97, 854 S.W.2d 362 (1993), and Arkansas Rule of Criminal Procedure 3.1. The trial court then moved to the merits of the case, at which time Weaver stipulated to the facts presented at the hearing. Based on these facts, the trial court found Weaver guilty of driving while intoxicated and driving left of center. The crux of Weaver's argument on appeal is that the trial court was without jurisdiction to enter a finding of guilt. We do not reach the merits of Weaver's jurisdictional argument because we affirm for a different reason.

■ In this case, Weaver moved to dismiss the charges filed against him, arguing that his arrest was illegal. However, an illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or a defense to a valid conviction. *United States v. Crews*, 445 U.S. 463 (1980); *Halfacre v. State*, 292 Ark. 331, 731 S.W.2d 179 (1987); *O'Riordan v. State*, 281 Ark. 424, 665 S.W.2d 255 (1984); *Clark v. State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989); *Van Daley v. State*, 20 Ark. App. 127, 735 S.W.2d 574 (1987). As the Court explained in *Crews*, "the exclusionary principle . . . delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness." *Crews*, 445 U.S. at 474. However, the accused

"is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *Id.*

In the instant case, Weaver's request was that the charges filed against him be dismissed. The motion he filed was entitled "Motion to Dismiss." In the prayer of that motion, he requested "an absolute discharge of the charge filed against him and pray[ed] that the charge against him be dismissed."

■ A motion to dismiss is not the proper vehicle to challenge an illegal arrest. "An invalid arrest may call for the suppression of a confession or other evidence, but it does not entitle the defendant to be discharged from responsibility for the offense." *O'Riordan*, 281 Ark. at 426, 665 S.W.2d at 257. Further, the court's jurisdiction to try an accused does not depend upon the validity of the arrest. *Singleton v. State*, 256 Ark. 756, 757, 510 S.W.2d 283, 284 (1974) (holding that "[i]t goes almost without saying that a defendant, after having been fairly tried in a court of competent jurisdiction and found guilty . . ., is not entitled to be set free on the basis of some flaw in the manner of his arrest"). Because Weaver's motion to dismiss was not the proper mechanism for challenging the arrest, we need not decide the jurisdictional issue. Therefore, we affirm the trial court's order denying the motion to dismiss and finding Weaver guilty.[1]

Affirmed.

PITTMAN, C.J., and GLOVER, J., agree.

---

[1] We note that Weaver did not move to suppress any evidence pursuant to Arkansas Rule of Criminal Procedure 16.2. However, contained within Weaver's motion to dismiss are two general statements requesting the exclusion of any evidence obtained by Officer Babcock in the illegal arrest. If we were to liberally construe those statements as a motion to suppress, we are left with the same result. At trial, no evidence obtained as a result of the allegedly illegal arrest was introduced. The only incriminating evidence introduced at trial, which was stipulated to by Weaver, included the officer's observations prior to the traffic stop and Weaver's own testimony that he was drinking and driving. Because Weaver's conviction was not based on evidence obtained as a result of the allegedly illegal arrest, Weaver can show no prejudice. *See Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).