CITY OF KETTERING, APPELLEE, *v.* BAKER, APPELLANT.

[Cite as Kettering v. Baker (1975), 42 Ohio St. 2d 351.]

(No. 74-487—Decided May 28, 1975.)

*Mr. John F. Blake,* prosecuting attorney, for appellee.
*Messrs. White & Holden, Mr. Raymond A. White* and
*Mr. John C. Holden,* for appellant.

CELEBREZZE, J. It is the contention of the appellant herein that R. C. 4511.191(A) provides for a mandatory administration of one of the tests described therein to any person arrested for operating a motor vehicle upon the public highawys in this state while under the influence of alcohol, and that the failure ''to give the prescribed tests'' is a denial of the appellant's constitutional rights.

This section of the Revised Code is generally referred to as the implied-consent statute, and it begins with the language '' [a]ny person who operates a motor vehicle upon the public highways'' and proceeds to follow with certain provisions which that person impliedly subjects himself to, in the way of chemical tests of his blood, breath or urine for the determination of the alcoholic content thereof ''if arrested for the offense of driving while under the influence of alcohol.'' The paragraph in question then states under whose presence and direction the tests shall be administered.

It is concededly true that the results of tests administered under this section may be both beneficial as well as harmful to the cause of any person tried for any of the numerous offenses relating to the operation of a motor vehicle while under the influence of alcohol. However, it should be noted that the implied-consent statute and the trial of a charge relating to the operation of a motor vehicle while under the influence of alcohol are not interdependent but rather are separate and distinct, each having its own consequences which may or may

not be related. It is not only conceivable, but highly probable, that the failure to comply with R. C. 4511.191 may have no bearing upon the disposition of a criminal charge arising out of the same incident. This court has previously determined that the hearings under R. C. 4511.191 (F), resulting from the refusal to comply with R. C. 4511.191(A), are civil and administrative in nature and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. *State* v. *Starnes* (1970), 21 Ohio St. 2d 38. This court has also ruled in *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, that R. C. 4511.191(B) does not impose a mandatory duty upon the arresting officer to administer a sobriety test to an arrested person who was incapable of refusing to submit to the test.

The testimony of the police officers in this case indicates that at no time was there an attempt to deprive the appellant of his right to have a test taken. On the contrary, it was conclusively shown that he was advised that the opportunity would be provided "at his own expense." The record further shows that the appellant did not request any test.

This leads to consideration of the question raised by appellant concerning the deprivation of his constitutional rights by the decision of the city of Kettering *not* to provide the tests under R. C. 4511.191(A). This section merely provides that one "shall be deemed to have given consent" to the tests by virtue of his use of the public highways. There is nothing whatsoever in the language stated therein that entitles anyone to the administration of the tests by the city or any arresting officer. Nor can this section be read in such a manner as to impose an obligation mandating these tests. Although we agree that it is not proper for a law enforcement agency to suppress evidence, we also conclude that it is not the agency's obligation to engage in affirmative action in gathering evidence which an accused might feel necessary to his defense. The accused must protect his own interests. It is only when overzealous officials

deny that opportunity can it be said that he is deprived of due process by state action. (See *State* v. *Reyna* [1968], 92 Idaho 669, 448 P. 2d 762.)

Appellant also argues that the action of the police authorities in this case permits them to choose who or what class of people they will test or subject to the provisions of this statute. However, the record does not bear out that conclusion, but on the contrary shows that the appellee in this case no longer had even the equipment with which to administer the tests.

R. C. 4511.191 was enacted in Ohio after considerable study and with the benefit of avoiding the pitfalls experienced by its forerunners in our sister states. The clear intent of that statute is to remove from the highways of this state those drivers who would insist on exercising the driving privilege while under the influence of alcohol. We conclude that, although the submission of sobriety tests is not mandatory upon the arresting authority, nor is the failure to provide the galaxy of tests enumerated in R. C. 4511.191(A) unconstitutional, application of the tests is desirable in the interests of the driving public.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.