Billy G. BALLEW *v.* STATE of Arkansas

CR 91-81                                                              809 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered May 28, 1991

*Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Billy Ballew was convicted in circuit court of driving while intoxicated. He contends on appeal that the

trial court should have ruled that he was entitled to a chemical analysis of his blood, breath, or urine at no expense to him. We reject the argument and affirm the judgment.

Ballew was arrested on February 21, 1990, by Deputy Sheriff Al Nelson. Officer Nelson testified that he saw a 1983 Chevrolet pickup truck ignore a stop sign and weave back and forth over the center line of the highway. After stopping the vehicle Nelson smelled alcohol and described the driver, Ballew, as too inebriated to perform a field sobriety test and incapable of walking without being supported.

At the sheriff's office Ballew declared he would not submit to any type of test and Nelson informed him that he was in luck because the breathalyzer was not operating. Nelson advised Ballew that he had the right to have a blood test taken at his own expense and that too was refused.

Prior to trial Ballew moved to suppress any testimony by Nelson regarding Ballew's alleged intoxication, arguing that Ark. Code Ann. § 5-65-203 (Supp. 1989) requires that the arresting officer offer a chemical analysis of the blood, breath, urine or other bodily substance of the accused at public expense. That motion was denied and appellant assigns error to the ruling.

Appellant relies entirely on the language of the Arkansas implied consent law, [Ark. Code Ann. § 5-65-201—207 (Supp. 1989)], citing such phrases as, a chemical test or tests "shall be administered," and the law enforcement agency "shall be responsible for all expenses incurred in conducting the tests."

■ We fully agree that under the statute if a particular law enforcement agency designates that chemical tests will be administered, the agency is responsible for paying any expenses involved. But the statute is equally clear that if it is the accused who requests the tests (in addition to those taken at the behest of the agency), he shall bear the expense. Nowhere in the act do we find the slightest implication that a law enforcement agency which does not intend to rely on chemical analysis of bodily substance, must nevertheless provide such analysis for an accused. In *Grayson* v. *State*, 30 Ark. App. 105, 783 S.W.2d 75 (1990), the Court of Appeals rejected appellant's argument that he was entitled to a blood test at public expense, though no

breathalyzer was administered because the machine was not functioning. The *Grayson* court noted that § 5-65-204(e)(2) renders the chemical test results of the agency inadmissible if the person tested is not advised of his right to an additional test. There is no proof here that Ballew requested such tests or would have allowed them to be administered. The proof, indeed, was to the contrary.

If the appellant's position were sustained, it would remove the right of a law enforcement agency to rely on other relevant evidence of intoxication, notwithstanding an express provision in the statute permitting the use of such evidence:

> § 5-65-206(2)(b) (Supp. 1989) reads: The foregoing provisions shall not be construed as limiting the introduction of any other relevant evidence bearing upon the question whether or not the defendant was intoxicated.

The implied consent law was enacted primarily to protect the public from the drinking driver by adopting a balanced procedure for testing bodily substance. Numerous decisions construe similar statutory schemes as permissive rather than mandatory and the wording of our statutes is consonant with those cases. *See State* v. *Woolbright*, 57 Wash. App. 697, 789 P.2d 815 (1990); *Montano* v. *Superior Court*, 149 Ariz. 385, 719 P.2d 271 (1986); *Kettering* v. *Baker*, 42 Ohio St.2d 351, 328 N.E.2d 805 (1975); *Hammer* v. *Town of Jackson*, 524 P.2d 884 (Wyo. 1974).

Affirmed.