OPINION
Defendant-appellant, Joseph C. Crites, appeals his conviction of driving under the influence in violation of R.C. 4511.19(A)(1) entered after a jury found him guilty in the Harrison County Court of Common Pleas.
On January 30, 1999, Ohio Wildlife Officer Peter Novotony (Novotony) went to the home of Arthur Cage (Cage) located in Washington Township, Harrison County, Ohio, in response to a problem Cage was having with coyotes. While Novotony and Cage were outside talking, a blue car came around the corner at a high rate of speed. The car, operated by appellant, attempted to pull into Cage's driveway and then backed up across the road and into a grass area towards a fence. Appellant then pulled forward into Cage's yard. Next, appellant backed up again at a different angle and into the door of Cage's barn.
Appellant stumbled from the car and towards the barn as if to enter it. Novotony approached appellant to see if he was alright. Upon observing several indications that appellant was under the influence of alcohol, Novotony handcuffed appellant and instructed Cage to call the Harrison County Sheriff's Department.
Deputy Sheriff Bob Edgar (Edgar) arrived at the scene and conducted his own investigation. Edgar took statements from Novotony and Cage, placed appellant under arrest, and transported him to the sheriff's office. Appellant was subsequently indicted for felony DUI, this being his second felony DUI and twelfth career DUI.
The case proceeded to a jury trial on July 29, 1999, and appellant was found guilty. On September 2, 1999, the trial court sentenced appellant to a seventeen-month term of imprisonment, a $5,000 fine, and a license suspension of ten years. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY FINDING APPELLANT GUILTY OF DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL AND THEREAFTER DENYING APPELLANT'S MOTION FOR ACQUITTAL AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that Novotony's and Cage's testimony differed significantly. Appellant also takes issue with Novotony's testimony that appellant's eyes were bloodshot and that he looked like he had "partied" the night before because Novotony did not mention these details in his written statement.
This argument goes to the credibility of Novotony's testimony. However, the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Therefore, we should defer to the trial court's judgment regarding Novotony's testimony.
Next, appellant argues that there was improper testimony concerning blood alcohol tests. Edgar testified that there was a two-hour time limit to administer a blood alcohol test or it would not be admissible as evidence in court. Appellant cites to Newark v. Lucas (1988),40 Ohio St.3d 100, 105, which held that in a prosecution for a violation of R.C. 4511.19(A)(1), the results of a bodily substances test presented with expert testimony may be admitted in evidence even though the bodily substance was drawn more than two hours after the alleged violation.
The results of a Breathalyzer test may be admitted into evidence as long as certain conditions are affirmatively established, one of which is that the bodily substance must be drawn within two hours of the time of the alleged violation. State v. Young (1993), 88 Ohio App.3d 486, 490. Edgar testified that he did not perform a Breathalyzer test on appellant because by the time he would have administered the test, the two-hour time period would have run out. It was within Edgar's discretion not to administer a Breathalyzer test given the fact that it was not necessary to prove a violation of R.C. 4511.19(A)(1) and it may not have even been admissible.
Appellant further argues that since he was not initially charged with DUI, he was denied the opportunity to demand a chemical test to show that he was not under the influence of alcohol.
Had appellant been charged with DUI initially, he would not be entitled to demand a chemical test to show that he was not under the influence of alcohol. R.C. 4511.191(A) provides that any person who operates a vehicle upon a highway or any public or private property used for vehicular travel, shall be deemed to have given consent to a chemical test for the purpose of determining the alcohol or drug content of the person's blood, breath, or urine. Nothing in this statute entitles anyone to the administration of these tests by the city or arresting officer. Ketteringv. Baker (1975), 42 Ohio St.2d 351, 354. Nor does this statute impose an obligation mandating these tests. Id. The Ohio Supreme Court has stated, "Although we agree that it is not proper for a law enforcement agency to suppress evidence, we also conclude that it is not the agency's obligation to engage in affirmative action in gathering evidence which an accused might feel necessary to his defense." Id.
An individual who is charged with DUI always has the right to secure a blood alcohol test on their own if they desire. In this case appellant chose not to.
In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasissic.). In addition, the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 4511.19(A)(1) provides, in pertinent part:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol * * *"
To prove that a defendant violated this section, the state need not establish a threshold level of alcohol concentration in the defendant's body. State v. Lowman (1992), 82 Ohio App.3d 831, 836. However, the state must prove that the defendant operated a vehicle "when his faculties were appreciably impaired by the consumption of alcohol." Id. The amount of alcohol in the defendant's body is secondary to the defendant's behavior. Newark, supra. Chemical test results are merely considered with the other evidence of impaired driving. Newark, supra.
In this case, there was credible evidence supporting the jury's conclusion that appellant was guilty of DUI beyond a reasonable doubt. Novotony and Edgar both testified that appellant smelled like alcohol. Novotony testified that he saw a twelve pack of beer in appellant's car with a little more than half of the cans empty. He testified that appellant told him that he had been out late "partying" the night before. Novotony further testified that appellant stumbled when he got out of his car, that his eyes were extremely bloodshot, and that he spoke with very slurred speech.
There is also evidence that appellant's alcohol consumption appreciably impaired his ability to operate a motor vehicle. Appellant backed up across the road from Cage's property into the grass towards a fence. Appellant then drove across the road and onto Cage's yard and backed into the door on Cage's barn. Appellant was traveling at an excessive rate of speed and the car tires were throwing up gravel.
After reviewing the entire record and weighing the evidence and all reasonable inferences, we cannot say that the jury lost its way in resolving the evidence. The greater amount of credible evidence supports the conclusion that appellant was operating his vehicle while substantially impaired by alcohol. Accordingly, appellant's sole assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
 _____________________ DONOFRIO, J.
Vukovich, J., concurs, Waite, J., concurs