Cite as 2025 Ark. App. 321

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-557

| | | |
|---|---|---|
| TAMARA CORNELL | | Opinion Delivered May 21, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. 66GCR-23-30] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Tamara Cornell appeals from a Sebastian County Circuit Court order convicting her of driving while intoxicated (third offense) and sentencing her to twelve months' confinement in the county jail and a $2500 fine. On appeal, Cornell argues that (1) substantial evidence does not support probable cause for the traffic stop, and (2) the conviction should be reversed for failure to provide her reasonable assistance in obtaining a blood test. We affirm.

Cornell was charged with a third-offense DWI after being stopped by a Barling police officer in the early-morning hours of April 6, 2022. She was found guilty in the Barling District Court and appealed to the Sebastian County Circuit Court. A jury trial took place on July 30, 2024.

The evidence showed that on April 6, 2022, the Fort Smith Police Department received a call from a bouncer at Roosters alerting that a very intoxicated woman was attempting to leave the establishment in a white Hyundai Santa Fe SUV. Although a young man had backed his truck up to the SUV to prevent her from leaving, the woman evaded the barricade and drove away. Several minutes later, another call was made to the police department. The caller stated that he was following the SUV and that the driver was running red lights. The caller identified Cornell as the driver of the SUV and identified himself as Cornell's nephew. The Fort Smith Police Department "put a be-on-the-lookout" to the Sebastian County Sheriff's Department as the vehicle approached Barling.

Cornell was pulled over by Captain Nathan Mayhugh of the Barling Police Department. Mayhugh testified that the make, model, and license plate reported by the Fort Smith Police Department matched the car that he pulled over. Captain Mayhugh said that the vehicle veered from its lane and that the driver's side brake light was out. He testified that Cornell smelled of intoxicants and slurred her speech. Captain Mayhugh said that Cornell stepped out of the SUV upon request. She admitted that she had one drink but later told him she was pregnant and could not drink. She refused to do a field-sobriety test. Because of her mannerisms and the odor of intoxicants, Captain Mayhugh concluded that Cornell was unable to operate a vehicle and arrested her for a DWI investigation. Captain Mayhugh's body-camera footage was played for the jury and admitted into evidence.

Because the Barling Police Department's machine that tests the alcohol level in a person's breath was inoperable, Captain Mayhugh took Cornell to the Fort Smith Police

Department to use its breathalyzer. There, Cornell gave three breath samples, none of which were sufficient to perform the test. Captain Mayhugh then advised Cornell that she had the right to have a blood test at her expense, and Cornell signed a form stating that she understood the test would be at her expense. The officer drove Cornell to the hospital, but she was unable to pay $200 for the test. Cornell was then transported to the Sebastain County Detention Center.

Cornell testified in her defense and denied being intoxicated, swerving, or having a broken brake light. She said that she did not refuse a field-sobriety test but was nonresponsive to the request. She also testified that she did not try to give sufficient breath samples. She instead asked for a blood test.

The jury found Cornell guilty, and she was sentenced to one year in the county jail and a $2500 fine. This appeal followed.

Before addressing the merits of Cornell's appeal, we must address our jurisdiction. Cornell was first convicted of driving while intoxicated in the Barling District Court, and she appealed that conviction to the Sebastain County Circuit Court. In its jurisdictional statement, the State questions whether the circuit court obtained jurisdiction over Cornell's appeal from district court, stating that it is unclear whether the "narrative transcript of the docket satisfies the requirements of Rule 36.1" of the Arkansas Rules of Criminal Procedure, which states in part:

> (c) *How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be

required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. . . . Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

Ark. R. Crim. P. 36.1(c). Recently, in *Mathis v. State*, 2024 Ark. App. 497, at 3, this court addressed the issue of "whether a circuit court is divested of jurisdiction over a district court appeal when the docket sheet is missing from a timely filed packet of appeal documents." We held that it is. *Id.* In this case, however, we have a document prepared and certified by the district court clerk setting forth details of the district court proceedings, orders, and judgments "as shown by the docket in said Court." In light of the record of this case, we hold that the requirements of Rule 36.1(c) are satisfied; thus, the circuit court had jurisdiction over the appeal from district court, and we have jurisdiction over Cornell's appeal.

Cornell's first point on appeal is titled: "Substantial evidence does not support probable cause for the traffic stop." She argues that her conviction should be reversed because Captain Mayhugh did not have probable cause to stop her, and thus, any evidence flowing from the stop was inadmissible. Although she acknowledges that she did not file a motion to suppress based on lack of probable cause, Cornell argues that "the issue is available on review where substantial evidence does not support the reasonableness of the stop." Cornell fails, however, to cite any authority for this assertion. Cornell neither moved to suppress pursuant to Rule 16.2 of the Arkansas Rules of Criminal Procedure nor objected

4

to the admissibility of the evidence that she now contends flowed from the traffic stop. Our courts have frequently held that a contemporaneous objection must be made to the circuit court before we will review an alleged error on appeal. *Rodriguez-Berdecia v. State*, 2024 Ark. App. 614, at 16. Because Cornell did not move to suppress the evidence or make a contemporaneous objection, her argument is not preserved for our review. *Camacho-Mendoza v. State*, 2009 Ark. App. 597, at 9–10, 330 S.W.3d 46, 50.[1]

For her second point on appeal, Cornell contends that her DWI conviction should be reversed because the State failed to provide reasonable assistance in obtaining a blood test. Arkansas Code Annotated section 5-65-204 addresses chemical testing and provides in part:

> (d)(1) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his or her own choice administer a complete chemical test in addition to any chemical test administered at the direction of a law enforcement officer.
>
> (2) The law enforcement officer shall advise the person in writing of the right provided in subdivision (d)(1) of this section and that if the person chooses to have an additional chemical test and the person is found not guilty, the arresting law enforcement agency shall reimburse the person for the cost of the additional chemical test.
>
> (3) The refusal or failure of a law enforcement officer to advise a person of the right provided in subdivision (d)(1) of this section and to permit and assist the person to obtain a chemical test under subdivision (d)(1) of this section precludes the admission of evidence relating to a chemical test taken at the direction of a law enforcement officer.

---

[1]To the extent Cornell couches her argument as a challenge to the sufficiency of the evidence, she failed to move for a directed verdict at trial. Failure to move for a directed verdict waives any challenge to the sufficiency of the evidence on appeal. *Curl v. State*, 2019 Ark. App. 200, at 2, 575 S.W.3d 458, 459.

Ark. Code Ann. § 5-65-205(d)(2) (Repl. 2024). Cornell contends that she was not properly advised of her right to a blood test at her own expense, and she disputes that she signed the form advising her of that right. She acknowledges that the cost for an additional blood test is the responsibility of a defendant. *See Ballew v. State*, 305 Ark. 542, 544, 809 S.W.2d 374, 375 (1991). But she claims that the blood test was not an additional test. Rather, she argues the blood test was the first test—because "there was no positive breath test"—and therefore the arresting agency should have paid to obtain the blood test.

We cannot reach the merits of this argument because Cornell made no objection below on this basis. She never argued that the State had any obligation to pay for the blood test or that she was not properly advised of her rights. And further, she did not challenge the results of the breathalyzer test or the testimony showing that she failed to provide a sample sufficient for testing. Because she did not raise these arguments below, they are not preserved for review. *Rodriguez-Berdecia*, 2024 Ark. App. 614, at 16.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.