2009 Ark. App. 710

**J.S., a Minor, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA 09–188.**

Court of Appeals of Arkansas.

Oct. 28, 2009.

Jeff Rosenzweig, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnn J. Irvin, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

J.S. was charged in the Benton County Circuit Court with aggravated robbery, felony kidnapping, felony fleeing on foot with serious physical injury, and criminal use of a prohibited weapon. J.S. was sixteen at the time of the alleged crimes. The charges stem from an incident in which appellant and six other teenagers allegedly robbed a Wendy's restaurant in Rogers while under the influence of vari-

ous substances. Although he did not carry the weapon, J.S. allegedly provided a sawed-off shotgun for the robbery along with the group's means of transportation. The kidnapping charge arose out of a codefendant's forcing a Wendy's employee out of her car. The circuit court denied his motion to transfer to the juvenile division of circuit court. He appeals. We affirm the circuit court's order.

For his first point on appeal, appellant contends that the circuit court applied the wrong burden of proof in deciding whether to transfer appellant's case: the court used a clear-and-convincing burden of proof, and appellant contends the proper burden of proof was by a preponderance of the evidence. Specifically, appellant claims that he sought to transfer his case to the juvenile division of circuit court under the extended juvenile jurisdiction ("EJJ") designation.[1] While appellant agrees that the burden of proof in a transfer hearing is generally by clear and convincing evidence, see Ark.Code Ann. § 9–27–318(h)(2) (Repl. 2008), he argues that, where one is requesting transfer to the juvenile division of circuit court under the EJJ designation, the party requesting the designation only has the burden to prove "by a preponderance of the evidence that such a designation is warranted." Ark.Code Ann. § 9–27–503(b) (Supp.2009).

■■■ Before we determine whether the circuit court used the correct burden of proof, we must first consider whether the issue is properly before us. Appellant admits that he did not raise this argument in the circuit court. Our law is well settled that we will not consider issues raised for the first time on appeal, even constitutional ones, because the trial court never had

the opportunity to rule on them. *Thomas v. State,* 370 Ark. 70, 74, 257 S.W.3d 92, 96 (2007). A contemporaneous objection is required to preserve an issue for appeal; however, the supreme court has recognized four exceptions to the contemporaneous-objection rule, known as the *Wicks* exceptions. *Id.* at 74, 257 S.W.3d at 97 (citing *Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980)). *Wicks* presents only the following four, narrow exceptions that are to be rarely applied: (1) when the trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and thus no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character that the trial court should intervene on its own motion to correct the error; and (4) when the admission or exclusion of evidence affects a defendant's substantial rights. *See Thomas,* 370 Ark. at 75, 257 S.W.3d at 97; *Anderson v. State,* 353 Ark. 384, 395, 398, 108 S.W.3d 592, 599–600 (2003).

■■■ Appellant argues that the court's alleged error in this case falls within the third and fourth *Wicks* exceptions. With regard to the fourth exception, we hold that it does not apply in this instance because the alleged error did not involve the admission or exclusion of evidence but the proper burden of proof. The fourth *Wicks* exception is based on Arkansas Rule of Evidence 103(d) and, as stated in *Wicks,* "at most applies only to a ruling which admits or excludes evidence." *Wicks,* 270 Ark. at 787, 606 S.W.2d at 370. Appellant has cited no contrary authority.

1. We note that appellant did not file a motion to transfer, either with or without an EJJ designation request, but the court held a two-day hearing on the matter on June 25 and 27, 2008. This hearing was referenced by the court in its omnibus/pretrial order dated May 5, 2008.

■ The third exception is also not applicable in this case. This exception applies when the error is so flagrant and so highly prejudicial in character that the trial court should intervene on its own motion to correct the error. In this case, appellant argues that the circuit court used the clear-and-convincing burden of proof rather than by a preponderance of the evidence in determining whether to transfer his case to the juvenile division of circuit court under the EJJ designation. First, even if the circuit court used the wrong burden of proof, we do not find that this affected one of appellant's fundamental rights, as the supreme court has required in applying this exception. *See, e.g., Anderson, supra.* This exception has been applied only where the error affected the very structure of the criminal trial. *Anderson,* 353 Ark. at 396, 108 S.W.3d at 600 (holding error involving companion rights of presumption of innocence and burden of proof beyond a reasonable doubt fell within the third *Wicks* exception); *Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593 (1992) (holding error involving fundamental right to jury trial in criminal case fell within the third *Wicks* exception). The alleged error in this case did not occur in the criminal trial itself but in a transfer hearing. Moreover, the alleged error did not affect the very structure of the criminal trial because the circuit court did not apply the wrong burden of proof.

Arkansas Code Annotated section 9–27–318(e) permits any party to move to transfer a case from one division of circuit court to another, in this case from the criminal division to the juvenile division. The circuit court must then conduct a transfer hearing to make the determination; make written findings on the ten factors set forth in subsection 318(g); and, *upon a finding by clear and convincing evidence* that the case should be transferred to another division of the circuit court, the court shall enter an order to that effect. Ark. Code Ann. § 9–27–318(e), (g), (h).

■ A party desiring an extended juvenile jurisdiction designation may request such a designation and the court shall then hold a designation hearing pursuant to Ark.Code Ann. § 9–27–503. The party requesting the designation has the burden to prove by a preponderance ·of the evidence that such a designation is warranted. Ark. Code Ann. § 9–27–503(b). "The EJJ designation factors and transfer factors the court must consider are almost identical. As a result, an EJJ designation hearing and transfer hearing may be conducted at the same time." Connie Hickman Tanner, *Arkansas's Extended Juvenile Jurisdiction Act: The Balance of Offender Rehabilitation and Accountability,* 22 U. Ark. Little Rock L. Rev. 647, 656–57 (2000). However, there can be no EJJ designation unless the case either is already in the juvenile division or is transferred to the juvenile division. Subsection 503(e) states that if the court denies the requested EJJ designation, then it shall "proceed with the case as a delinquency proceeding." Clearly, this presupposes that, before a request for designation is considered, the case is in the juvenile division.

For example, in *Lofton v. State,* 2009 Ark. 341, 321 S.W.3d 255, the supreme court affirmed the circuit court's denial of the appellant's motion to transfer to the juvenile division. With regard to the appellant's simultaneous request for extended juvenile jurisdiction, the court stated, "Arkansas Code Annotated section 9–27–318(i) provides that, upon the finding by the criminal division of a circuit court that a juvenile should be transferred to the juvenile division, the criminal division may enter an order to transfer as an extended juvenile jurisdiction case. Here, the cir-

cuit court found that Appellant should not be transferred to the juvenile division. Therefore, extended juvenile jurisdiction is not applicable in this situation." *Lofton*, 2009 Ark. 341, at 9, 321 S.W.3d at 260. The fact that the hearings are conducted simultaneously does not lessen the requesting party's burden of proof regarding his request to transfer from the criminal division to the juvenile division.

Appellant's case was filed in the criminal division of circuit court. In order for his case to have been eligible for an EJJ designation, the circuit court must have made a finding by clear and convincing evidence that the case should have been transferred to the juvenile |₆division. The court made no such finding here; rather, it denied appellant's motion to transfer. Therefore, we hold there was no error that the trial court should have intervened to correct and thus no *Wicks* exception to the contemporaneous-objection rule.

▮ For his second point on appeal, appellant contends that, under either burden of proof, the court erred in denying his request for transfer to the juvenile division under the EJJ designation. While appellant does not point to any one of the ten factors the court considered in deciding whether to transfer, he argues that he did not "murder or rape anyone," he was immature, and he was amenable to rehabilitation. We will not reverse a circuit court's order denying transfer unless it was clearly erroneous. *Lofton*, 2009 Ark. 341, at 5, 321 S.W.3d at 258.

The circuit court denied appellant's motion to transfer, finding appellant failed to provide clear and convincing evidence that the case should be transferred and making the following findings on the ten factors:

a. In regards to the seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of the circuit court, that the alleged offense is serious in nature and the seriousness requires prosecution in the criminal division of Circuit court;

b. In regards to whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner, that evidence was presented showing that the alleged offense was committed in an aggressive, willful, or premeditated manner;

c. In regards to whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted, that the commission of this offense was a crime against persons and not property;

d. In regards to the culpability of the juvenile, including the level of planning |₇and participation in the alleged offense, that the Defendant was as culpable as his co-defendants;

e. In regards to the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence, that the Defendant has no previous juvenile court history or history of violence;

f. In regards to the sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult, that the Defendant had the benefit of the opportunity to be in a family with strong support and who was willing to intervene directly when he was not making good choices;

g. In regards to whether there are facilities or programs available to the judges of the juvenile division of circuit

court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday, that there are facilities available on the juvenile level for the Defendant.

h. In regards to whether the juvenile acted alone or was part of a group in the commission of the alleged offense, that Defendant clearly acted as a member of a group;

i. In regards to written reports and other materials relating to the juvenile's mental, physical, educational, and social history, evidence was presented regarding his history and reviewed by the Court in the making of this decision.

j. In regards to other factors deemed relevant by the Judge, this Court deems it relevant that this Defendant participated in much of the planning of the offense and went to the restaurant twice on the night of the alleged crime, once before returning to commit the alleged offense.

In making its decision denying appellant's motion to transfer, the circuit court specifically addressed each of the ten factors in writing as required by Ark.Code Ann. § 9–27–318(g),(h). The circuit court is not required to give equal weight to each of the statutory factors, and it may use its discretion in deciding the weight to be afforded to each factor. *Lofton,* 2009 Ark. 341, at 9, 321 S.W.3d at 260. While the court noted that appellant |₈had no criminal history and that there were rehabilitation facilities available, the court also found that the alleged offenses were serious; that the alleged crimes were committed in an aggressive, willful, or premeditated manner; that the offenses were against persons rather than property; that appellant was as culpable as his codefendants; that appellant had the benefit of a supportive family willing to intervene directly when he was not making good choices;

and that appellant participated in the planning of the offense shortly after this intervention. In light of the evidence presented at the hearing, we hold that the circuit court's order is supported by clear and convincing evidence and that appellant has not shown that the circuit court's order was clearly erroneous.

Affirmed.

BAKER and BROWN, JJ., agree.